The STATE of Ohio, Appellant,

v.

WEMER, Appellee.

[Cite as *State v. Wemer* (1996), 112 Ohio App.3d 100.]

Court of Appeals of Ohio,
Fourth District, Athens County.

No. 95CA1675.

Decided June 27, 1996.

*David A. Trimmer*, Athens City Prosecuting Attorney, for appellant.

*Gwinn & Wallace* and *James A. Wallace*, for appellee.

HARSHA, Judge.

This is an appeal by the state of Ohio of an order by the Athens County Municipal Court granting a motion to suppress the breathalyzer test result in the prosecution of Gail Wemer for driving under the influence in violation of R.C. 4511.19(A)(3). Appellant assigns the following error:

"The trial court erred in ruling that because the repair records are not kept at the Ohio State Highway Patrol, Athens Post, pursuant to Ohio Adm.Code 3701–53–04(C), the code has not been substantially complied with and the breath test result must be suppressed."

On April 4, 1995, appellee was arrested for driving under the influence in violation of R.C. 4511.19(A)(1). Appellee was then taken to the Ohio State Highway Patrol post in Athens where he voluntarily submitted to a breath test. After testing .213 grams of alcohol by weight per two hundred ten liters of his breath, appellee was also charged with driving under the influence in violation of R.C. 4511.19(A)(3).

On June 5, 1995, appellee filed a motion to suppress the results of the breath-alcohol test administered on April 4, 1995. According to appellee, the test did not comply with various requirements of the Ohio Administrative Code.

The trial court conducted a hearing on appellee's motion on the following day. Two highway patrol troopers testified that maintenance and repair records on the breath-test instrument were not retained at their post. On the basis of that testimony, the trial court concluded that the patrol failed to comply with an Ohio Administrative Code provision that allegedly required such records to be on file in the area where analytical tests were performed (*i.e.,* the Athens patrol post in this instance). As a result, the trial court granted appellee's motion to suppress

the breathalyzer test result. Appellant filed a timely notice of appeal on June 7, 1995.

In a hearing on a motion to suppress, the trial court assumes the role of trier of fact. Therefore, the court must resolve questions of fact and evaluate the witness's credibility. *State v. Clay* (1973), 34 Ohio St.2d 250, 251, 63 O.O.2d 391, 391–392, 298 N.E.2d 137, 138; *State v. Clelland* (1992), 83 Ohio App.3d 474, 480, 615 N.E.2d 276, 280–281. On appeal, we are bound to accept the trial court's findings of fact and determinations regarding credibility if they are supported by competent, credible evidence. *State v. Dreher* (July 28, 1992), Highland App. No. 786, unreported, 1992 WL 188501. See, also, *State v. Fanning* (1982), 1 Ohio St.3d 19, 20, 1 OBR 57, 57–58, 437 N.E.2d 583, 584–585. After accepting these facts as true, we must then independently determine, as a matter of law, without deference to the trial court's conclusion, whether they meet the appropriate legal standard. *State v. Shelpman* (May 23, 1991), Ross App. No. 1632, unreported, 1991 WL 87312; *State v. Simmons* (Aug. 31, 1990), Washington App. No. 89CA18, unreported, 1990 WL 127065.

R.C. 3701.143 authorizes the Director of Health to issue regulations regarding blood, breath and urine testing for drugs and alcohol. Substantial compliance with these administrative rules is required in order for the alcohol test results to be admissible in a drunk driving prosecution. *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 3, 573 N.E.2d 32, 34; *State v. Plummer* (1986), 22 Ohio St.3d 292, 22 OBR 461, 490 N.E.2d 902, syllabus; see, also, *State v. Steele* (1977), 52 Ohio St.2d 187, 6 O.O.3d 418, 370 N.E.2d 740. Once the state has established substantial compliance with the administrative rules, the burden then shifts to the defendant to demonstrate that he would be prejudiced by anything less than literal compliance. *Plummer, supra; State v. Brown* (1996), 109 Ohio App.3d 629, 672 N.E.2d 1050.

Ohio Adm.Code 3701–53–04 establishes a detailed procedure that requires the calibration of breath-testing instruments at least once every seven days. This rule specifies several additional safeguards concerning the conditions under which such calibrations are to occur. Ohio Adm.Code 3701–53–04(A)(1) through (4). The overall goal of these calibration procedures is to ensure the accuracy of breath-testing results.

This administrative rule also contains a provision regarding the identification and retention of any maintenance and repair records associated with a particular breath-testing instrument. Specifically, Ohio Adm.Code 3701–53–04(C) provides:

"Results of calibration checks and *records of* calibration, *maintenance and repairs shall be identified and retained, in accordance with paragraph (A) of rule 3701–53–01 of the Administrative Code.*" (Emphasis added.)

Ohio Adm.Code 3701–53–01(A) provides that "[t]he results of the tests shall be identified and retained for not less than three years."

However, despite this clear expression that the maintenance and repair records are to be retained pursuant to paragraph (A) of Ohio Adm.Code 3701–53–01, the lower court in this case granted appellee's motion to suppress based on the state's failure to comply with the provisions of paragraph (B) of this same rule.[1]  The lower court offered the following rationale for its conclusion:

"Ohio Administrative Code Rule 3701–53–04(C) requires [that] both the results of maintenance and repairs shall be identified and retained in accordance with paragraph (A) of Rule 3701–53–01, Administrative Code.  In terms of 3701–53–01, it's obvious that they're referring to subdivision (B)."

■ Statutory construction presents a legal issue which we review *de novo*.[2] The first rule of statutory construction is that a statute which is unambiguous and definite on its face is to be applied as written and not construed.  *State ex rel. Herman v. Klopfleisch* (1995), 72 Ohio St.3d 581, 584, 651 N.E.2d 995, 997–998; *Vought Industries, Inc. v. Tracy* (1995), 72 Ohio St.3d 261, 265–266, 648 N.E.2d 1364, 1367–1368.  Courts must give effect to the words explicitly used in a statute or rule rather than deleting words used, or inserting words not used, in order to interpret an unambiguous statute or rule.  *State v. Taniguchi* (1995), 74 Ohio St.3d 154, 156, 656 N.E.2d 1286, 1287; *State v. Waddell* (1995), 71 Ohio St.3d 630, 631, 646 N.E.2d 821, 821–822.

We believe that it is clear that the rule under consideration explicitly and unambiguously cross-references a specific paragraph of another rule.  Since the language of Ohio Adm.Code 3701–53–04(C) is so clear and definite, the trial court erred by essentially deleting the reference to paragraph (A), which was used, and inserting a reference to paragraph (B), which was not used.  As the Supreme Court recognized in *State ex rel. Cunningham v. Indus. Comm.* (1987), 30 Ohio St.3d 73, 77, 30 OBR 176, 180–181, 506 N.E.2d 1179, 1182, "[t]his is not an attempt to construe the rule;  rather, it is an attempt to rewrite it."

Our decision in this matter is further supported by several appellate cases construing Ohio Adm.Code 3701–53–04(C).  The Sixth District Court of Appeals'

---

1.  Ohio Adm.Code 3701–53–01(B) provides:
"At least one copy of the following written methods or techniques for performing tests in use under paragraph (A) of this rule *shall be on file in the area where analytical tests are performed* [.]"  (Emphasis added.)

2.  We note that the principles of "statutory construction" apply equally to the construction of rules promulgated in the Ohio Administrative Code.  For example, see R.C. 1.41, which states that the Revised Code sections dealing with statutory construction "apply to all statutes * * * and to rules adopted under them."

decision in *State v. Sarnes* (Aug. 23, 1991), Ottawa App. No. 90–OT–031, unreported, 1991 WL 163496, mirrors the language of paragraph (A) by stating that Ohio Adm.Code 3701–53–04(C) "requires that the records of maintenance and repairs of the instrument be identified and retained at least three years pursuant to Ohio Adm.Code 3701–53–01."

Two other cases considered this issue concerning the calibration documentation, the third and final type of record to be identified and retained pursuant to Ohio Adm.Code 3701–53–04(C). In *State v. Fulford* (Apr. 27, 1995), Licking App. No. 94CA–98, unreported, 1995 WL 495226, the decision of the Fifth District Court of Appeals mirrors the language of paragraph (A) when it held that a careful reading of the rule sustains the view that the state is required to identify and retain the calibration results and records. Finally, the issue in *State v. Hominsky* (1995), 107 Ohio App.3d 787, 669 N.E.2d 523, according to the Eleventh District Court of Appeals, was whether the state had satisfied its burden of proving compliance with Ohio Adm.Code 3701–53–04(C), "which requires all calibration records to be retained for a period of three years." The court concluded that "Ohio Adm.Code 3701–53–04(A)(1) and (C) state in unqualified terms that results of calibration checks and records of calibration shall be identified and retained."

As all three courts explicitly or implicitly recognized, Ohio Adm.Code 3701–53–04(C) requires that the maintenance and repair records of breath-testing equipment must be identified and retained for not less than three years pursuant to Ohio Adm.Code 3701–53–01(A). Although the trial court's factual findings in this case were supported by competent, credible evidence, the trial court misapplied the facts to the relevant law.

■ Therefore, the trial court erred by holding that Ohio Adm.Code 3701–53–04(C) requires that such records must be on file in the area where analytical tests are performed pursuant to Ohio Adm.Code 3701–53–01(B). Accordingly, appellant's sole assignment of error is sustained.

The judgment of the Athens County Municipal Court is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.[3]

*Judgment reversed*
*and cause remanded.*

PETER B. ABELE, P.J., and STEPHENSON, J., concur.

---

**3.** Therefore, even though we have reversed the trial court's decision in this matter, we do not mean to imply that on remand the defendant cannot challenge whether the state has identified

and retained any records regarding the maintenance and repair of the breath-testing machine over the last three years.