OPINION
Appellant Polaris Industries L.P. ("Polaris") is appealing the decision of the Muskingum County Court of Common Pleas, that found an all-terrain vehicle ("ATV") a "motor vehicle" for purposes of Ohio's Lemon Law. The facts giving rise to this appeal are as follows.
Appellee Willard Yommer purchased a 1994 Polaris 400L 4x4 ATV from Outdoor Enterprises, Inc. on February 15, 1994, for the purchase price of $5,150. Almost immediately, appellee began experiencing problems with the vehicle, including the gear shift, chain drive, steering, the 4-wheel drive, exhaust and the lights. Appellee took the ATV to Marietta, Ohio, for repairs in March, May and June of 1994. Despite these repair attempts, appellee continued to have problems with the mechanical functioning of the ATV.
Appellee filed suit against Polaris and Outdoor Enterprises, Inc. on August 12, 1996. Following a one-day trial, on July 1, 1997, the trial court found the ATV subject to Ohio's Lemon Law and awarded appellee alternative remedies and attorney fees, with a $750 deduction for use.
Appellant Polaris timely filed its notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED WHEN IT HELD THAT THE SUBJECT ATV IS A "MOTOR VEHICLE" UNDER R.C. § 1345.71 WHEN THE PLAIN AND UNAMBIGUOUS DEFINITION ADOPTED BY THE LEGISLATURE MAKES IT CLEAR THAT ATV'S ARE NOT
"MOTOR VEHICLES" UNDER R.C. § 1345.71.
 I
Appellant's sole assignment of error, on appeal, concerns whether an ATV is a "motor vehicle" for purposes of Ohio's Lemon Law. For the following reasons, we find that an ATV is subject to Ohio's Lemon Law.
The issue raised on appeal requires us to interpret the language of R.C. 1345.71. The construction of a statute is a question of law, not fact, and therefore, a trial court's interpretation of a statute is not entitled to deference on appeal. Brennaman v. R.M.I. Co. (1994), 70 Ohio St.3d 460, 466. Issues of statutory construction are reviewed de novo by a court of appeals. State v. Wemer (1996), 112 Ohio App.3d 100, 103. Further, an unambiguous statute must be interpreted so as to give effect to the words explicitly used by the legislature rather than deleting words or inserting words that were not used. State v.Taniguchi (1995), 74 Ohio St.3d 154, 156; State v. Waddell (1995),71 Ohio St.3d 630, 631; Wemer at 103.
It is pursuant to this standard that we review the language contained in R.C. 1345.71. R.C. 1345.72(A) provides that Ohio's Lemon Law applies "[i]f a new motor vehicle does not conform to any applicable express warranty * * *. The question raised by appellee, in the case sub judice, is whether an ATV is a "motor vehicle". R.C. 1345.71(D) defines a "motor vehicle" as:
 * * * any passenger car or noncommercial motor vehicle as defined in section 4501.01 of the Revised Code, or those parts of any motor home, as defined in section 4501.01 of the Revised Code, that are not part of the permanently installed facilities for cold storage, cooking and consuming of food, and for sleeping, but does not mean any manufactured home as defined in division (O) of section 4501.01 of the Revised Code or recreational vehicle as defined in division (Q) of that section.
Therefore, a "motor vehicle", to be covered by Ohio's Lemon Law, must be a passenger car, noncommercial motor vehicle or a motor home. We must turn to R.C. 4501.01 for the definitions of "passenger car", "noncommercial motor vehicle" and "motor home". R.C. 4501.01(B) defines a "passenger car" as:
 * * * any motor vehicle that is designed and used for carrying not more than nine persons and includes any motor vehicle that is designed and used for carrying not more than fifteen persons in a ridesharing arrangement.
R.C. 4501.01(H) defines a "noncommercial motor vehicle" as:
 * * * any motor vehicle, including a farm truck as defined in section 4503.04 of the Revised Code, that is designed by the manufacturer to carry a load of no more than one ton and is used exclusively for purposes other than engaging in business for profit.
We will not address the definition of "motor home" as it is not pertinent to the issue on appeal. Appellant maintains that the ATV purchased by appellee is not a "passenger vehicle" because it is designed to be a one-person vehicle and is not intended to carry passengers. Whether or not the ATV can carry passengers does not resolve the issue in this case. A close reading of R.C.4501.01(D) establishes that to be considered a "passenger car" it must be a motor vehicle "* * * designed and used for carrying not more than nine persons * * *.
The fact that it cannot accommodate more than one person does not remove it from the definition of "passenger car" contained in R.C. 4501.01(D). The statute merely requires that it not be able to carry more than nine persons, therefore, the ability to carry fewer that nine persons, including only one person, does not remove it from the definition of "passenger car".
Appellant also attempts to argue that the use of the word "passenger" implies that the vehicle must be able to accommodate a person other than the driver. We also do not accept this argument because R.C. 4501.01(D) does not even use the term "passenger" in defining a "passenger vehicle". It merely states that it must not carry more than nine persons, not passengers. If the General Assembly had stated "not more than nine passengers", we would agree with appellant that a driver and at least one passenger would be necessary to meet the definition of "passenger car" under R.C. 4501.01(D). However, the General Assembly did not use the word passenger, in defining a "passenger vehicle", and instead used the word "person". Therefore, the fact that the motor vehicle is designed to carry only one person does not preclude it from being considered a "passenger car" for purposes of Ohio's Lemon Law.
Finally, appellant also argues that the language contained in R.C. 1345.72(A) precludes Ohio's Lemon Law from being applied to an ATV. Specifically, this statute provides that a failure to conform to any applicable express warranty must be reported during the period of one year following the date of original delivery or during the first eighteen thousand miles of operation, whichever is earlier. Appellant contends that because it would take most active persons twelve years to reach the 18,000 mile threshold, the statute clearly was not intended to apply to an ATV.
We disagree with this conclusion because the language contained in R.C. 1345.72(A) provides a one-year period within which to report problems or 18,000, whichever is sooner. Clearly, the one-year period would apply to ATV's as opposed to the 18,000 mile threshold. The fact that it may take an average rider twelve years to ride 18,000 is irrelevant since the statute uses either/or language.
Based upon the above, we find the trial court correctly determined that R.C. 1345.71 is applicable to appellee's ATV.
Appellant's assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Gwin, J., concur.
 JUDGMENT ENTRY
CASE NO. CT97-0034
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.