OPINION
This is an appeal from the judgment of the Hardin County Common Pleas Court, which ordered its Clerk of Courts to deduct $865 from the amount awarded to Appellant-defendant, Ruth Crowe (Crowe), for her land in an appropriation action instituted by Plaintiff-appellee, The Board of Education of the Upper Scioto Valley Local School District of Hardin County (District).
The District filed a lawsuit in order to acquire Crowe's property located in Hardin County, Ohio, for the purpose of providing a site for a school building or grounds. A jury was impaneled on August 9 and 10, 2001, in order to determine the amount of compensation to be paid to Crowe in exchange for all interest in her real estate. The jury awarded Crowe $76,500. In its August 23, 2001 judgment entry, the trial court ordered the District to deposit the full amount of the jury verdict with the Clerk of Courts and also ordered, "The District shall pay all costs accrued herein."
On August 27, 2001, the District deposited $76,500 with the Clerk of Courts. On August 30, 2001, Crowe filed a motion for distribution of the jury award. On September 7, 2001, the trial court ordered the Clerk of Courts to distribute the funds. Subsequently, Crowe contacted the Clerk's office which informed her that the Clerk would be withholding an $865 commission pursuant to R.C. 2303.20(V). On September 18, 2001, Crowe filed a motion requesting that the full $76,500 be distributed to Crowe and that the District be ordered to pay the $865 commission.
On October 5, 2001, a hearing was held on the matter and on October 11, 2001, the trial court ordered the $865 commission to be deducted from Crowe's award of $76,500. Crowe now appeals asserting a single assignment of error.
 The trial court committed reversible error by ruling that the commission of approximately $865 charged by the clerk of courts pursuant to O.R.C. 2303.20(V) was not a cost or fee properly chargeable to the Plaintiff.
An appellate court reviews issues of statutory interpretation de novo. See State v. Wemer (1996), 112 Ohio App.3d 100, 103. When a statute is unambiguous and definite on its face, it is to be applied as written and not construed. State ex rel. Herman v. Klopfleisch (1995),72 Ohio St.3d 581, 584.
R.C. 2303.20(V) provides that,
 The clerk of courts shall charge the following fees, and no more:
 A commission of two per cent on the first ten thousand dollars for receiving and disbursing money, other than costs and fees, paid to or deposited with the clerk of court in pursuance of an order of court or on judgments, including money invested by order of the court and interest earned on them.
 Crowe argues that the funds withheld by the Clerk of Courts under R.C. 2303.20(V) are costs and as such, are to be paid by the District. We agree. The Ohio Supreme Court has defined "costs" as "statutory fees to which officers, witnesses, jurors, and others are entitled for their services in an action and which the statutes authorize to be taxed and included in the judgment." Benda v. Fena (1967), 10 Ohio St.2d 259, paragraph one of the syllabus.
In this case, the clerks of the Common Pleas Courts are "others entitled to [a statutory fee] for their services in an action." Specifically, the clerk is entitled to a fee for "receiving and disbursing money" in the action between the District and Crowe. As such, the commission owed under R.C. 2303.20(V) is a cost chargeable to the District, pursuant to the trial court's August 23, 2001 entry.[1]
Based on the foregoing, the appellant's assignment of error is sustained and the judgment of the trial court is reversed and remanded to be decided in accordance with this opinion.
Judgment reversed and cause remanded.
HADLEY and WALTERS, JJ., concur.
[1] We would also note that the remaining fees listed in R.C. 2303.20(A) cover activities which are generally paid as costs such as filing, issuing subpoenas and formulating a complete record.