OPINION
{¶ 1} This is an appeal from a Summary Judgment ruling of the Tuscarawas County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} The basis of appellants' action is that they purchased a 1998 Georgetown Motor Home produced by appellee on March 13, 1998 for the sum of $51,448.56.
{¶ 3} They further claim that the vehicle was returned to the Dealer on March 26, 1998 due to window leakage. (The Dealer is no longer a party to this action).
{¶ 4} Their complaint states that the vehicle was again returned for similar leakage on April 13, 1998, April 18, 1998 and October 16, 1998. (Additional repairs were included in the April 18, 1998 return in addition to the windows pursuant to the complaint). It was again returned on April 20, 2000 and in June, 2000.
{¶ 5} They assert that a demand for replacement was made on July 21, 2000.
{¶ 6} The sole Assignment of Error is:
 ASSIGNMENT OF ERROR I. {¶ 7} "THE TRIAL COURT ERRED WHEN IT OVERRULED THE PLAINTIFFS/APPELLANTS' MOTION FOR SUMMARY JUDGMENT AS TO THEIR CAUSE OF ACTION FOUNDED UNDER O.R.C. 1345.71, ET. SEQ. (LEMON LAW) AND INSTEAD GRANTED DEFENDANT/APPELLEE'S (FOREST RIVER) MOTION FOR SUMMARY JUDGMENT AND DISMISSED PLAINTIFF'S COMPLAINT AS TO THE LEMON LAW CAUSE OF ACTION."
{¶ 8} The trial court made the following ruling in response to appellee's motion for summary judgment on the issue in question:
 "A window defect in a motor home is not covered by Ohio's Lemon Law. (Section 1345.71 Et. Seq., Ohio Revised Code.)"
{¶ 9} As the trial court reviewed the requirements of Civ.R. 56 and applicable cases, it is unnecessary to repeat such in this opinion as the issue is one of law rather than a consideration of whether sufficient material facts are in dispute.
{¶ 10} The issue raised on appeal requires us to interpret the language of R.C. § 1345.71, et seq. The construction of a statute is a question of law, not fact, and therefore a trial court's interpretation of a statute is not entitled to deference on appeal. Brennaman v.R.M.I. Co. (1994), 70 Ohio St.3d 460, 466, 639 N.E.2d 425, 430. Issues of statutory construction are reviewed de novo by a court of appeals.State v. Wemer (1996), 112 Ohio App.3d 100, 103, 677 N.E.2d 1258, 1260.
{¶ 11} The version of R.C. § 1345.71(D) in effect at the time of purchase of the mobile home by appellants was as follows:
 (D) "Motor vehicle" means any passenger car or noncommercial motor vehicle as defined in Sec. 4501.01
of the Revised Code or those parts of any motor home, as defined in Sec. 4501.01 of the Revised Code, that are not part of the permanently installed facilities for cold storage, cooking and consuming of food, and for sleeping, but does not mean any manufactured home as defined in Division (O) of Sec. 4501.01 of the Revised Code or recreational vehicle as defined in Division (Q) of that Section.
{¶ 12} Revised Code § 1345.71(D) and (H) as subsequently amended now provide:
 (D) "Motor vehicle" means any passenger car or noncommercial motor vehicle or those parts of any motor home that are not part of the permanently installed facilities for cold storage, cooking and consuming of food, and for sleeping but does not mean any mobile home or recreational vehicle, or any manufactured home as defined in section 3781.06 of the Revised Code.
 (H) "Mobile home," "motor home," "noncommercial motor vehicle," "passenger car," and "recreational vehicle" have the same meanings as in section 4501.01 of the Revised Code.
{¶ 13} The changes in the statute intended to apply the Nonconformity New Motor Vehicle law to motor vehicles leased for one month or more and to designate such vehicles as "buy back" rather than addressing any language as to motor homes.
{¶ 14} Revised Code § 4501.01(B) in part states:
 (B) "Motor vehicle" means any vehicle, including mobile homes and recreational vehicles, that is propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires.
{¶ 15} Subsections(Q), (Q(1)), (Q6) and (Q)(6)(b) provide:
 (Q) "Recreational vehicle" means a vehicular portable structure that meets all of the following conditions:
 (1) It is designed for the sole purpose of recreational travel.
* * *
(6) It is classed as one of the following:
* * *
 (b) "Motor home" means a self-propelled recreational vehicle that has no fifth wheel and is constructed with permanently installed facilities for cold storage cooking and consuming of food, and for sleeping.
{¶ 16} Even though one may interpret the trial court's ruling that a window defect in a motor home is not covered by Ohio's lemon law, rather than the fundamental determination as to whether such coverage is applicable to motor homes at all, the latter must be addressed due to the language of the statutes.
{¶ 17} In support of appellant's position that, vehicles, such as the one purchased by appellants, are covered by Ohio's Lemon Law, the cases of Dillow v. Mallard Coach Company (1992), 83 Ohio App.3d 801 andYommer v. Outdoor Enterprises, Inc. (1998), 126 Ohio App.3d 738 andRoyster v. Toyota Motor Sales, U.S.A., Inc. (2001), 92 Ohio St.3d 327 are cited.
{¶ 18} The decision of this Court, in Yommer involved the question as to inclusion of an ATV vehicle within the lemon law provisions. The argument made was as to numerical passenger capability rather than exclusion as a recreational vehicle.
{¶ 19} In opposition, appellees also rely on Dillow and Royster
and in addition, Rothermel v. Safari Motor Coaches, Inc. 1994 U.S. Dist. Lexis 21591.
{¶ 20} Royster is of no material assistance to the question at hand of lemon law coverage as it dealt with a defective automobile and not a motor home.
{¶ 21} Rothermel involved the question of the responsibility of the ultimate producer for sale of a motor home which included parts manufactured by others. The issue as to whether lemon law coverage statutorily applied to the motor home was not addressed.
{¶ 22} Dillow did, however, examine the issue of lemon law coverage.
{¶ 23} In such case the court reviewed the language of R.C. § 1345.71(D) that excluded "the permanently installed facilities for cold storage, cooking and consuming of food, and for sleeping. . ."
{¶ 24} In its conclusion that motor homes are included in lemon law coverage by the intention of the Legislature, the trial court did not discuss the subsequent language "but does not mean any manufactured homes as defined in Division (O) of the Section4501.01 of the Revised Code or recreational vehicle as defined in Division (Q) of that section."
{¶ 25} It could presumably have been argued that a motor home is utilized solely for recreational purposes and therefore excluded under R.C. § 1345.71(D) rather than the attempt to differentiate the coach portion of the motor home from the applicable power related attributes.
{¶ 26} However, it is not necessary to determine the legislative intent in the exclusion of coverage as to solely recreational vehicles as R.C. § 1345.71(D) includes those parts of a motor home "that are not part of the permanently installed facilities for cold storage, cooking and consuming of food, and for sleeping."
{¶ 27} Obviously, the windows of the motor home do not fall within these specific categories.
{¶ 28} We therefore conclude that R.C. § 1345.72 et seq. applies to the claimed window defects in appellant's motor home.
{¶ 29} The decision of the Tuscarawas County Court of Common Pleas is reversed and this cause is remanded for further proceedings in accordance herewith.
By: BOGGINS, J. HOFFMAN, P.J. and EDWARDS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the decision of the Tuscarawas Common Pleas Court is reversed and remanded. Costs assessed to appellee.