OPINION
{¶ 1} Appellants City of Zanesville, et al., appeal the decision of the Court of Common Pleas, Muskingum County, which found in favor of Appellees Michael Norris and Richard Omen in a dispute stemming from a police lieutenant promotional examination. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellees Norris and Omen are police officers with the Zanesville Police Department. On November 14, 2000, the Appellant City of Zanesville conducted a scheduled civil service written examination for the position of police lieutenant. Norris and Omen applied for said position. Appellant Virginia Hanifan, as the city's civil service employment coordinator, conducted the test, which was set for 1:00 pm, pursuant to a previously posted "Notice of Promotional Examination." Hanifan denied Norris and Omen entrance to the examination, citing tardiness for the starting time on the part of the two officers.[1] The examination was thereupon completed by three other applicants, two of which passed. One of the two passing applicants, David Succi, ultimately obtained promotion to lieutenant in March 2001.
 {¶ 3} On May 2, 2001, Norris and Omen filed a complaint for declaratory judgment and mandatory injunction against Appellants City of Zanesville, Mayor John Fenton, Virginia Hanifan, the Zanesville Civil Service Commission, and three civil service commissioners. The complaint alleged that appellants violated R.C. 124.44, the Zanesville Civil Service Rules, and the collective bargaining agreements between the city and the Fraternal Order of Police. Appellants filed an answer, and on July 20, 2001, filed a motion for joinder of indispensable parties. However, the motion for joinder was denied by the trial court on August 16, 2001.
 {¶ 4} On January 28, 2002, Norris and Omen submitted a motion for summary judgment. On February 11, 2002, appellants filed a memorandum contra, as well as their own motion for summary judgment. On March 12, 2002, the trial court filed a judgment entry denying Norris and Omen's request for a mandatory injunction, but ordering appellants to give the written examination to the two officers, as well as ordering that Norris and Omen would receive lieutenant's pay and future advancement opportunities upon passage of the written examination.
 {¶ 5} Appellants timely appealed and herein raise the following three Assignments of Error:
 {¶ 6} "I. The trial court committed reversible error when it incorrectly interpreted Section 6 of Rule IV of the Zanesville Civil Service Rules and Regulations and held that the city was required to allow applicants who arrived late for an assembled promotional examination to be admitted late to take the examination.
 {¶ 7} "II. The trial court committed reversible error when it awarded relief to the plaintiffs-appellees which is contrary to Ohio law.
 {¶ 8} "III. The trial court committed reversible error when it denied defendants-appellants (sic) motion for joinder of indispensable parties."
 I. {¶ 9} In their First Assignment of Error, appellants contend that the trial court erred by misinterpreting civil service regulations addressing tardiness at promotional examinations. We disagree.
 {¶ 10} The provision at issue is Rule IV, Section 6, of the Zanesville Civil Service Rules and Regulations, which reads in pertinent part as follows:
 {¶ 11} "6. Admitting Applicants to Examination
 {¶ 12} "No applicants shall be admitted to any assembled examination more than thirty minutes after the advertised time for beginning such examination, except by special permission of the person in charge, who, in his discretion may admit the applicant conditionally, subject to the final approval or disapproval of such admission by the Commission."
 {¶ 13} Appellants do not dispute that Omen arrived ten to twelve minutes late for the exam, while Norris arrived, at maximum, thirty minutes late. Thus, neither appellee arrived "more than thirty minutes after the advertised time," under the language of Section 6. Rather, appellants argue that the rule does not mandate admission if an applicant's tardiness is within the thirty-minute window, and if the Civil Service Commission had intended such a rule, they could have included the requisite language.
 {¶ 14} Issues of statutory construction are reviewed de novo by a court of appeals. Yommer v. Outdoor Enterprises, Inc. (1998),126 Ohio App.3d 738, 740, citing State v. Wemer (1996),112 Ohio App.3d 100, 103. Upon review, however, we concur with the trial court's conclusion that "* * * inferentially there are thirty minutes during which an applicant may freely enter and sit for the promotional examination." Judgment Entry at 2. Pursuant to the maxim of statutory construction "expressio unius est exclusio alterius," the expression of one thing implies the exclusion of all others. See, e.g., Thomas v.Freeman (1997), 79 Ohio St.3d 221, 224. Here, the legal barrier expressed in Section 6 is that applicants over thirty minutes late cannot take the test absent permission from the proctor. We find this implies that the barrier is removed, i.e., the test is to go forward, for those not more than thirty minutes tardy.
 {¶ 15} Accordingly, appellants' First Assignment of Error is overruled.
 II. {¶ 16} In their Second Assignment of Error, appellants argue that the trial court erroneously granted relief to Norris and Omen which is contrary to Ohio law. We agree.
 {¶ 17} In addition to affording Norris and Omen the opportunity to take the examination, the trial court ruled as follows:
 {¶ 18} "Accordingly, while relief via mandatory injunction must be denied, it will be ordered that both plaintiffs be given the examination in question and that if either or both pass it, the successful candidate(s) be afforded lieutenants pay from the date of the original examination, and, while they cannot be given the position of lieutenant by passing the exam, they should be granted the opportunity of future advancement by means of promotional examination the same as if they in fact did hold that position." Judgment Entry at 3.
 {¶ 19} R.C. 124.44 mandates that "[v]acancies in positions above the rank of patrolman in a police department shall be filled by promotion from among persons holding positions in a rank lower than the position to be filled. No position above the rank of patrolman in a police department shall be filled by any person unless he has first passed a competitive promotional examination. * * *." The statute also clearly states that "[a]n increase in the salary or other compensation of anyone holding a position in a police department, beyond that fixed for the rank in which such position is classified, shall be deemed a promotion, except as provided in section 124.491 of the Revised Code. * * *." Furthermore, the statute also provides that only the candidate with the highest passing grade may obtain the promotion. We find the trial court's effort to confer the benefits of lieutenancy on Norris and Omen was an error of law contrary to the General Assembly's language in R.C. 124.44. Moreover, Art. XV, § 10 of the Ohio Constitution states : "Appointments and promotions in the civil service of the state, the several counties, and cities, shall be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations. * * *." Although the trial court clearly sought to work an equitable remedy for those involved, we reverse the aforecited ruling in order to protect the integrity of the civil service system and the legislative plan for fair promotion of all police officers. Thus, although we have concluded, in the First Assignment of Error, the trial court properly ordered Norris and Omen to take the examination, the court's order granting promotional benefits to these two officers outside the scope of R.C. 124.44 is reversed.
 {¶ 20} Appellants' Second Assignment of Error is therefore sustained.
 III. {¶ 21} In their Third Assignment of Error, appellants argue that the trial court erred in refusing to join as a party Lieutenant David Succi, who obtained the promotion sought by Norris and Omen, and Sergeant Rick Roush, who was promoted to his present rank upon Succi's promotion. We disagree.
 {¶ 22} Civ.R. 19(A) addresses joinder of necessary persons as follows, in pertinent part: "A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subroger, or subrogee. If he has not been so joined, the court shall order that he be made a party upon timely assertion of the defense of failure to join a party as provided in Rule 12(B)(7). * * *."
 {¶ 23} In addressing motions pursuant to Civ.R. 19(A), a trial court is vested with discretion in determining whether a party is necessary for just adjudication. See Hambleton v. R.G. Barry Corp. (1984), 12 Ohio St.3d 179; State ex rel. Gill v. Winters (1990),68 Ohio App.3d 497, 503; Moore v. Baker (C.P. 1970), 25 Ohio Misc. 140. In the case of Kerns v. Jevrem (Oct. 16, 1989), Delaware App. No. 89-CA-6, unreported, we relied on Hambleton v. R.G. Barry Corp., supra, in concluding "that where a person is integrally involved in the dealings of the parties and is likely to have claims arising out of those dealings, that person should be joined in the absence of the demonstration of prejudice to another party." Id. at 5. However, under the circumstances of the case sub judice, we are disinclined to find an abuse of discretion regarding joinder. Appellants urge that Succi's and Roush's promotions could be in jeopardy and that the city could face multiple or inconsistent obligations if Norris and/or Omen prevail. See Civ.R. 19(A)(2)(b). Nonetheless, we are persuaded that addressing such speculation, which is for naught if Norris or Omen should both fail the rescheduled examination, is best left within the discretion of the trial court under the facts and circumstances of this case.
 {¶ 24} Appellants' Third Assignment of Error is overruled.
 {¶ 25} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
By: Wise, J., Gwin, P.J., and Edwards, J., concur.
Topic: Civil Service Exam.
[1] Norris indicated he was detained on official business; Omen stated he actually arrived early, but found the room locked, so he spent several minutes looking for another possible test site.