OPINION
{¶ 1} Appellant Tuscarawas County Child Support Enforcement Agency ("TCCSEA") appeals the decision of the Tuscarawas County Court of Common Pleas, Juvenile Division. The Appellee is Anthony Boggan, who has not filed a brief in the within appeal. The relevant facts of the case sub judice are not in dispute. In October 2001, Jessie Barcus, the mother of the minor child Kobe Barcus, requested from TCCSEA an establishment of paternity and a child support order for said child. TCCSEA duly obtained genetic testing results and thereafter issued an administrative order establishing appellee as the natural and legal father of Kobe.
 {¶ 2} On November 14, 2002, an administrative child support hearing was conducted. At that time, Jessie appeared in person, while appellee appeared via telephone from Florida, his apparent state of residence. The TCCSEA administrative hearing officer found appellee was earning $180 per week at his employment in Ft. Walton Beach, Florida. In addition, the hearing officer found appellee was under a prior order to pay support for Skyler, a child of another relationship, in the amount of $102 per month ($1,224 annually, including processing charges). Furthermore, the hearing officer also found appellee was under a prior order to pay support for Tyler, a child of another relationship, in the amount of $270.74 per month ($3,248.88 annually, including processing charges). However, in the preceding twelve months, appellee had paid nothing on Skyler's order, and just $687.28 on Tyler's order. Therefore, the hearing officer gave appellee a credit of $687.28 on line 9 of the support worksheet, representing the aggregate of appellee's support paid for his other children. The hearing officer thereupon set guideline support for Kobe, the child in the case sub judice, at $219.87 per month, commencing December 1, 2002.
 {¶ 3} Pursuant to local practice, TCCSEA filed a complaint in the trial court seeking adoption of the aforementioned administrative order. However, the magistrate issued a decision on February 13, 2003, which modified the administrative hearing officer's recommendation by granting appellee a line 9 deduction of $4,385.16, reflecting the amount the magistrate found that appellee had been ordered to pay for Skyler and Tyler. As a result, appellee's support obligation was set at $157.68 per month. TCCSEA thereupon filed an objection to said magistrate's decision; however, the trial court issued a judgment entry on May 21, 2003, adopting the magistrate's decision as the order of the court.
 {¶ 4} TCCSEA timely appealed, and herein raises the following sole Assignment of Error:
 I {¶ 5} "The trial court erred in determining that appellee Anthony boggan should receive a deduction on line 9 of the child support worksheet set forth in O.R.C. 3119.022 in the amount of $4385.16 representing the amount of annual support ordered for other children in contravention of the plain language of the statute which mandates a deduction for the amount of annual court-ordered support PAID for other children."
 I {¶ 6} In its sole Assignment of Error, Appellant TCCSEA contends the trial court committed reversible error in crediting Appellee-Obligor on line 9 of the guideline worksheet for child support ordered for other children. We agree.
 {¶ 7} In Booth v. Booth (1989), 44 Ohio St.3d 142, the Ohio Supreme Court determined an abuse of discretion standard is the appropriate standard of review in matters concerning child support. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. However, issues of statutory construction are reviewed de novo by a court of appeals. Yommer v. Outdoor Enterprises, Inc. (1998),126 Ohio App.3d 738, 740, 711 N.E.2d 296, citing State v. Wemer
(1996), 112 Ohio App.3d 100, 103, 677 N.E.2d 1258.
 {¶ 8} The present version of the support guideline statute, R.C. 3119.022, continues to mandate that a court or agency calculating child support "shall use a worksheet." See Cutlip v.Cutlip, Richland App. No. 02CA32, 2002-Ohio-5872. Line 9 of the worksheet mandated in R.C. 3109.022 provides for an adjustment to either party's income for "[a]nnual court-ordered support paid for other children." In the case sub judice, the trial court essentially rejected what it referred to as the "twelve month look-back" approach utilized by TCCSEA; i.e., the agency's credit of only those amounts actually paid by appellee-obligor in the past one-year period. The magistrate found the wording of line 9 to be ambiguous, leading to his following conclusion: "The wording [of line 9] must be taken in pari materia with the entire concept of the worksheet which is to assess current child support-paying capacity. The word `paid,' it is concluded, is the drafter's shorthand way of describing money that is to bepaid pursuant to a separate court order for other dependents." Magistrate's Decision at 5, emphasis in original.
 {¶ 9} Generally, "* * * we must presume the legislature means what it says; we cannot amend statutes to provide what we consider a more logical result." State v. Virasayachack (2000),138 Ohio App.3d 570, 574. Upon review, we find error in the trial court's conclusion that line 9 is ambiguous. If the terms of a statute are "clear and unambiguous, there is no need for statutory construction; we must simply apply the statute." Statev. Fuqua, Hardin App. No. 6-02-01, 2002-Ohio-4697, at ¶ 16, citing State ex rel. Jones v. Conrad (2001), 92 Ohio St.3d 389,392, 750 N.E.2d 583. Moreover, we cannot conceive that the General Assembly, in light of its recent efforts to institute a cohesive child support enforcement system in Ohio, would have intended that non-paying obligors receive the same worksheet income credit as parents who pay their court-ordered support. While some situations might arise in which ordering the guideline amount would be found unjust by a trial court, we maintain such situations are better addressed via a worksheet line 24 deviation, with the concomitant findings of fact per R.C.3119.022.
 {¶ 10} Accordingly, TCCSEA's sole Assignment of Error is granted.
 {¶ 11} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division is hereby reversed and remanded.
Hoffman, P.J. and Wise, J., concur.