OPINION
{¶ 1} Goldie L. Huston, defendant-appellant, appeals from a judgment of the Franklin County Municipal Court, in which the trial court found appellant guilty of R.C. 4511.50, pedestrian walking along roadway, which is a minor misdemeanor.
 {¶ 2} On the evening of October 25, 2003, appellant was walking southbound along the east side of Demorest Road in Columbus, Ohio. After encountering a drainage ditch that prevented her from continuing to walk along that side of the road, appellant crossed Demorest Road toward the west. As appellant began to cross the road, Crystal Knisley was operating her vehicle southbound on the road. Knisley testified she saw a shadow in the roadway in the center of the road and reduced her speed. Knisley stated that, as she passed appellant, appellant stepped back a few steps into the northbound lane. After passing appellant, Knisley then saw an approaching vehicle, being operated by Stephen Letner, coming around the corner in the northbound lane. Knisley testified that she activated her horn to alert the approaching vehicle of the pedestrian in the roadway. Letner testified he saw appellant in the roadway after coming around the corner and swerved left of center to try to avoid appellant; however, he struck appellant with the right front fender and hood of his vehicle. Appellant was propelled into the northbound ditch and suffered several injuries.
 {¶ 3} Appellant was subsequently cited for violating R.C.4511.50, pedestrian walking along roadway. A bench trial was held on April 20, 2004, in the Franklin County Municipal Court. The court found appellant guilty of violating R.C. 4511.50 and fined appellant $100, plus court costs. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
The trial court erred in holding that appellant violated R.C. §4511.50 by interrupting the right of way of a vehicle traveling in its lane of travel when appellant did not enter said vehicle's lane of travel or otherwise interrupt its right of way.
 {¶ 4} Appellant asserts in her assignment of error that the trial court erred in finding her guilty of violating R.C.4511.50. Although appellant testified differently from Knisley and Letner as to some of the circumstances surrounding the incident, she raises none of these inconsistencies in her assignment of error and, in fact, utilizes Knisley's and Letner's version of facts as the basis of her arguments in her appellate brief. Failing to contest the trial court's factual findings, appellant's sole argument on appeal is that the trial court's interpretation of the relevant statutes was overly broad. Our review of a trial court's interpretation of a statute is conducted under a de novo standard of review because statutory interpretation is a matter of law. State v. Wemer (1996),112 Ohio App.3d 100, 103. Therefore, we review the court's decision without deference to the trial court's interpretation. Id.
 {¶ 5} R.C. 4511.50 provides, in pertinent part:
(A) Where a sidewalk is provided and its use is practicable, it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway.
(B) Where a sidewalk is not available, any pedestrian walking along and upon a highway shall walk only on a shoulder, as far as practicable from the edge of the roadway.
(C) Where neither a sidewalk nor a shoulder is available, any pedestrian walking along and upon a highway shall walk as near as practicable to an outside edge of the roadway, and, if on a two-way roadway, shall walk only on the left side of the roadway.
(D) Except as otherwise provided in sections 4511.13 and4511.46 of the Revised Code, any pedestrian upon a roadway shall yield the right-of-way to all vehicles, trackless trolleys, or streetcars upon the roadway.
 {¶ 6} In the present case, the trial court found that appellant had violated R.C. 4511.50(D) by failing to yield the right-of-way to Knisley's vehicle. In making this finding, the trial court relied upon the definition of "right-of-way" contained in R.C. 4511.01(UU)(1), which provides:
(UU) "Right-of-way" means either of the following, as the context requires:
(1) The right of a vehicle, streetcar, trackless trolley, or pedestrian to proceed uninterruptedly in a lawful manner in the direction in which it or the individual is moving in preference to another vehicle, streetcar, trackless trolley, or pedestrian approaching from a different direction into its or the individual's path[.]
 {¶ 7} The trial court found that the testimony was clear that appellant interrupted Knisley's driving:
* * * I think the testimony was clear that Ms. Knisley, you interrupted her in her driving. She was driving in a lawful manner, 35 miles per hour, wasn't even in a curve, she wasn't even to the curve yet, and she had to slow down to avoid hitting you. And that caused you to step back when you noticed her car. So I think that it's clear that you interrupted the lawful travel of Ms. Knisley, our third-party, disinterested witness in this case.
Granted you didn't get hit by Ms. Knisley, but I don't consider — when I consider the word uninterrupted, I don't consider there to be a necessity of a crash or a collision or somebody to get run over to legally find that someone interrupts another person's lawful travel.
 {¶ 8} Appellant asserts that the trial court interpreted "proceed uninterruptedly" too broadly by finding that Knisley's application of her brakes constituted evidence that appellant prohibited Knisley from proceeding uninterruptedly. Appellant points out that Knisley did not testify that she was in Knisley's lane of travel; rather, Knisley testified only that she slowed down because appellant was "right in the center" of the road and "too close to my lane for my comfort." Appellant contends that this testimony demonstrates only Knisley's degree of caution, which may vary from others' degree of caution. Appellant maintains that Knisley did not have to take evasive measures to avoid striking her, appellant did not cross the double yellow lines dividing the northbound and southbound lanes, and appellant did not cause Knisley to alter her lane of travel. Appellant asserts that to accept the trial court's interpretation would mean that, if a pedestrian merely stands near a roadway and a driver slows to be cautious based on their own subjective comfort level, the pedestrian would be guilty of violating R.C. 4511.50.
 {¶ 9} We agree with appellant that there was no evidence that she was in Knisley's lane of travel, that Knisley had to take any evasive measures, or that Knisley had to alter her lane of travel. However, none of these are necessary under the statute. R.C. 4511.01(UU) provides only that a vehicle must be permitted to "proceed uninterruptedly" in preference to a pedestrian approaching from a different direction into its path. There are numerous ways one can imagine a vehicle's right-of-way being interrupted without a person or vehicle actually coming into its lane of travel; for instance, a person running into the street to retrieve an errant ball.
 {¶ 10} In the present case, appellant admitted that she was approaching Knisley's lane at the time Knisley applied her brakes. That appellant's movement was toward Knisley's southbound lane was further evinced by appellant's testimony that moments after Knisley passed, she was struck by Letner while she was at least two feet into the southbound lane. Knisley also testified that it appeared to her that appellant was crossing the road. Given appellant's movement toward Knisley's lane of travel, Knisley's depression of her brakes was reasonable and well-founded and sufficient to demonstrate appellant interrupted her travel. Further, there was testimony that appellant backed up into the northbound lane after Knisley slowed down in the southbound lane. That appellant backed up demonstrates that she recognized that she may be impeding or interrupting Knisley's travel. Given the testimony and evidence presented at trial, we find the trial court did not err in interpreting R.C. 4511.01(UU) and finding that appellant prevented Knisley from proceeding uninterruptedly. As such, appellant did not yield the right-of-way to Knisley and was guilty of violating R.C.4511.50(D). Therefore, appellant's assignment of error is overruled.
 {¶ 11} Accordingly, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
Lazarus, P.J., and Petree, J., concur.