OPINION
{¶ 1} Appellant SprintCom, Inc. appeals the decision of the Court of Common Pleas, Stark County, which declared that appellant's telecommunications facility was subject to the zoning resolution of Perry Township, Stark County, Ohio. The relevant facts leading to this appeal, which has been assigned to the accelerated docket, are as follows.
 {¶ 2} Appellant is a provider of wireless telecommunication services throughout the United States pursuant to a license from the Federal Communications Commission. Appellee Scott Weckbacher is the Perry Township Zoning Inspector.
 {¶ 3} In September 2005, appellant obtained permits from Stark County to commence construction of a telecommunications tower on leased residential property on 12th Street in Perry Township. Said property is zoned as an "R-2 Single and Two Family Residential District and an R-3 Single Family, Duplex and Four-Family Residential District."[1] Appellant, although engaging in some communication with the township, did not obtain a zoning certificate, conditional use permit, or other zoning approval for the project. The township thereafter issued a "stop order" regarding the cell tower.
 {¶ 4} On November 10, 2005, Appellee Weckbacher filed a civil action seeking declarative and injunctive relief against appellant and Waikem Realty, Inc., owner of the 12th Street property upon which appellant had commenced construction of the cell tower. On November 18, 2005, the trial court held a hearing regarding whether appellant was exempt from Perry Township's zoning authority pursuant to the township's zoning resolution (hereinafter "Resolution"), or whether the construction of the tower was limited by other sections of the Resolution.
 {¶ 5} A second hearing was conducted on January 17, 2006. By judgment entry filed January 18, 2006, the trial court found that appellant was undisputedly a public utility under R.C. 519.211
for purposes of the exemption issue. The court further ruled that appellant's cell tower facility was subject to the Resolution, and that appellant had not acted in compliance therewith in commencing construction.
 {¶ 6} Appellant filed a notice of appeal on January 31, 2006. It herein raises the following sole Assignment of Error:
 {¶ 7} "I. THE TRIAL COURT ERRED IN HOLDING THAT SPRINTCOM, A PUBLIC UTILITY ENGAGED IN THE PROVISION OF WIRELESS TELECOMMUNICATIONS SERVICES, MUST COMPLY WITH SECTION 604 OF THE PERRY TOWNSHIP ZONING RESOLUTION IN BUILDING A WIRELESS TELECOMMUNICATIONS FACILITY ON RESIDENTIALLY OWNED LAND IN PERRY TOWNSHIP WHEN THE BUILDINGS AND STRUCTURES OF PUBLIC UTILITIES AND THE USE OF LAND BY PUBLIC UTILITIES ARE, BY THE EXPLICIT TERMS OF THE RESOLUTION, EXEMPT FROM ZONING."
 I. {¶ 8} In its sole Assignment of Error, appellant contends the trial court erred in holding that appellant must comply with Section 604 of the Perry Township Zoning Resolution in order to build its wireless telecommunications tower on the Waikem property. We disagree.
 {¶ 9} In an appeal from a trial court's decision granting declaratory relief sought by the zoning inspector, as opposed to an administrative appeal pursuant to R.C. Chapter 2506, we generally apply a standard of review of abuse of discretion. SeeHasman v. Genesis Outdoor, Inc., Geauga App. No. 2002-G-2416, 2003-Ohio-923, ¶ 9, citing Bilyeu v. Motorists Mut. Ins. Co.
(1973), 36 Ohio St.2d 35, 303 N.E.2d 871, syllabus. However, issues of statutory construction are reviewed de novo by a court of appeals. Yommer v. Outdoor Enterprises, Inc. (1998),126 Ohio App.3d 738, 740, 711 N.E.2d 296, citing State v. Wemer
(1996), 112 Ohio App.3d 100, 103, 677 N.E.2d 1258. It is a well-established principle of statutory construction that a statute is to be read, to the extent practicable, to give effect to all its parts. State v. Knepp, Stark App. No. 2001CA00130, 2001-Ohio-1745, citing State v. Arnold (1991),61 Ohio St.3d 175, 178.
 {¶ 10} In the case sub judice, the status of appellant as a "public utility" is not disputed. Under R.C. 519.211, public utilities are generally exempt from zoning regulations. See, e.g., Vermillion Twp. Bd. of Trustees v. Christian BroadcastingMinistries, Ashland App. No. 03COA058, 2004-Ohio-3744, ¶ 21. However, R.C. 519.211(B)(1) and (B)(2) define and set forth a "telecommunications tower" exception to this general rule. 519.211(B)(2) states: "Sections 519.02 to 519.25 of the Revised Code confer power on a board of township trustees or board of zoning appeals with respect to the location, erection, construction, reconstruction, change, alteration, removal, or enlargement of a telecommunications tower, but not with respect to the maintenance or use of such a tower or any change or alteration that would not substantially increase the tower's height. * * *."
 {¶ 11} The Ohio Supreme Court has concluded: "By enacting R.C. 519.211, the General Assembly obviously intended to include wireless telecommunications providers within the scope of the statute, while providing a limited number of circumstances in which township zoning boards may regulate the construction of telecommunications towers." Campanelli v. ATT Wireless Serv.,Inc., 85 Ohio St.3d 103, 105, 706 N.E.2d 1267.
 {¶ 12} Appellant's chief challenge on appeal is that Perry Township, per its Resolution, has not evinced its intent to regulate the telecommunication towers of public utilities. Initially, the wording of the township's Resolution mimics the statutory language concerning public utility exemptions from regulation. Pursuant to Resolution Section 310.2, in pertinent part, the Resolution "confer[s] no power on any board of township trustees or board of zoning appeals in respect to the * * * construction * * * of any buildings or structures of any public utility or railroad, whether publicly or privately owned, or the use of land by any public utility or railroad, for the operation of its business."
 {¶ 13} The crux of the matter before us, however, concerns the more specific Resolution Section 604, captioned as "Telecommunications Towers and Facilities." The initial section, 604.1, includes the preamble that "[t]hese criteria are hereby adopted in an attempt to minimize adverse health, safety, public welfare or visual impact through buffering, sighting, design and construction, and reducing the need for new or additional towers." Section 604.2(C) subsequently states as follows:
 {¶ 14} "Residential, Office and Retail or CommercialDistricts
 {¶ 15} "Wireless telecommunications facilities shall not be permitted in R-1 Single Family Low Density Residential District or in R-2 Single and Two-Family Residential Districts. In applying for a permit in other residential districts, including R-3 Single-Family, Duplex, and Four Family Residential District, R-4 Multi-Family and Residential Office District, R-5 High Density Multi-Family and Limited Service Business District, R-6 Manufactured Home and Manufactured Home Park District, R-7 Planned Unit Development District, B-1 Office and Retail District, or B-2 Commercial District, the applicant must demonstrate it has made a substantial effort to locate in a more appropriate non-residential district. If those efforts are exhausted, a wireless telecommunication facility may be located in a residential, business, or commercial district subject to the following conditions: * * *."
 {¶ 16} We note this case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 17} "(E) Determination and judgment on appeal: The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. * * *."
 {¶ 18} Therefore, having reviewed the record and the pertinent portions of the Perry Resolution, we find no merit in Appellant SprintCom's argument that the telecommunications tower in question is exempt from zoning, and we hold the trial court did not err in requiring compliance with Section 604 and in issuing the injunction.
 {¶ 19} Appellant's sole Assignment of Error is overruled.
 {¶ 20} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.
By: Wise, P.J. Gwin, J., and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs assessed to appellant.
[1] The details of this dual zoning classification are not developed in the parties' briefs. However, the transcript indicates the cell tower construction site is on an "R-2" area. See Tr. at 39, lines 20-24.