[Cite as *Cincinnati v. Vu*, 2014-Ohio-3463.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130405 |
| CITY OF CINCINNATI, | | TRIAL NO. 12TRC-16050B |
| | : | |
| Plaintiff-Appellant, | | |
| | : | *O P I N I ON.* |
| vs. | | |
| | : | |
| DUY T. VU, | | |
| | : | |
| Defendant-Appellee. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed from is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  August 13, 2014

*Terrance Nestor*, Interim City Solicitor, *Charles Rubenstein*, City Prosecutor, and *Christopher Liu*, Assistant City Prosecutor, for Plaintiff-Appellant,

*Ernst & Associates, LLC*, and *Matthew T. Ernst*, for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

**CUNNINGHAM, Presiding Judge.**

{¶1} The city of Cincinnati appeals the judgment of the Hamilton County Municipal Court granting Duy T. Vu's motion to suppress the results of a breath test taken on an Intoxilyzer 8000 machine. The trial court suppressed the results of Vu's breath test after finding that the state had failed to demonstrate that the machine had been recertified within the time frame set forth in Ohio Adm.Code 3701-53-04(C). Because we find that the trial court misinterpreted the rule, and that the machine used to administer Vu's test had been certified as required by the rule at the time of the test, we reverse the trial court's judgment.

### *Background Facts and Procedure*

{¶2} On April 1, 2012, a Cincinnati police officer arrested Vu for operating a motor vehicle while under the influence of alcohol ("OVI") in violation of R.C. 4511.19(A)(1)(a). Vu submitted to a breath test on the Intoxilyzer model 8000 (OH-5), serial number 80-004096, with a result of .159 grams by weight of alcohol per 210 liters of breath. Vu moved to suppress the test results, in part on the allegation that a qualified representative of the Ohio director of health had not performed an instrument certification on the breath-testing instrument at least "once every calendar year," in accordance with Ohio Adm.Code 3701-53-04(C).

{¶3} At the suppression hearing, Inspector Michael Quinn of the Department of Health testified that he had successfully performed an instrument certification on the machine on June 9, 2011, when it was placed into service. Pursuant to his testimony, the court admitted into evidence the instrument certification report and the related inspector's certification statement. The state rested its case on August 22, 2012, and the defense presented no evidence. The court

continued the case for a decision, which was issued almost ten months later, in June 2013. The parties did not object to the continuance, which allowed the parties to submit written arguments on the motion, and allowed the trial court to render its decision after this court had ruled on several issues arising on other cases concerning the Intoxilyzer 8000 machines.

{¶4} Vu argued that the city had not demonstrated compliance with the recertification requirement in Ohio Adm.Code 3701-53-04(C) because it had not presented evidence of a certification in 2012, the year of his breath test. The city argued that Vu had misinterpreted the requirement of the rule, which as applied in this case mandated only a yearly certification. Therefore, the machine used for Vu's test, which had last been certified in 2011, had been certified as required by the rule at the time of the test in April 2012, because the 2012 calendar year had not yet expired.

{¶5} The city contended that Vu's interpretation would lead to absurd results because in many cases it would require the court to continue OVI cases in progress to enable the city to show compliance later in the calendar year.

{¶6} The trial court adopted Vu's argument and granted the motion to suppress based on the city's failure to comply with Ohio Adm.Code 3701-53-04(C). The city now appeals, challenging the granting of the motion in a single assignment of error.

### Legal Analysis

{¶7} Because Vu moved to suppress the test results on the basis of noncompliance with Ohio Adm.Code 3701-53-04(C), the city had the initial burden at the suppression hearing to demonstrate, at a minimum, substantial compliance with the rule to lay the foundation for the admissibility of the test results. *State v.*

*Burnside*, 100 Ohio St.3d 152, 157, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 24. The results of a test administered in substantial compliance with the regulations are admissible absent a defendant's demonstration of prejudice from less than strict compliance. *See id.*

{¶8} Appellate review of a motion to suppress involves a mixed question of law and fact. *Id.* at ¶ 8. The dispositive issue in this case, however, involves a purely legal question that we review de novo—the interpretation of a rule adopted by the Ohio Department of Health, Ohio Adm.Code 3701-53-04(C). This rule provides in relevant part as follows:

> Representatives of the director shall perform an instrument certification on approved evidential breath testing instruments listed under paragraph (A)(3) of rule 3701-53-02 of the Administrative Code using a solution containing ethyl alcohol[.] * * * An instrument shall be certified *no less frequently than once every calendar year* or when the dry gas standard on the instrument is replaced, whichever comes first. A calendar year means the period of twelve consecutive months, as indicated in section 1.44 of the Revised Code, beginning on the first day of January, and ending on the thirty-first day of December.

(Emphasis added.)

{¶9} Vu conceded at the suppression hearing that he was only challenging the admissibility of the test results on the ground that the city had failed to comply with the "once every calendar year" recertification requirement found in Ohio Adm.Code 3701-53-04(C).

{¶10} *Yearly-Certification Requirement*. The rule set forth in Ohio Adm.Code 3701-53-04(C) adopts the definition of a calendar year as set forth in R.C. 1.44, and requires only a yearly certification, not a certification within 365 days of the last certification. *State v. Patel*, 5th Dist. Stark No. 2012CA00190, 2013-Ohio-3300, ¶ 35. We read the rule to mean that a successful certification in a calendar year is valid until December 31 of the following calendar year, absent specified circumstances not relevant in this case.

{¶11} In construing this administrative rule that the Director of the Ohio Department of Health promulgated under the authority of R.C. 3701.143, we apply the established standards of statutory construction. *See* R.C. 1.41; *McFee v. Nursing Care Mgt. of Am., Inc.*, 126 Ohio St.3d 183, 2010-Ohio-2744, 931 N.E.2d 1069; *State v. Wemer*, 112 Ohio App.3d 100, 103, 677 N.E.2d 1258 (4th Dist.1996). Accordingly, we read the rule as a whole and we presume that the director, in promulgating the rule, intended a reasonable result. R.C. 1.47(B) and (C). Further, we must read the rules relating to the same subject matter in pari materia. *State v. Castle*, 10th Dist. Franklin No. 12AP-369, 2012-Ohio-6028, ¶ 10-11.

{¶12} Vu's construction of the rule leads to an unreasonable result, because it could require trial courts to continue cases—sometimes until the conclusion of the calendar year—for the city to demonstrate compliance. Moreover, when the yearly certification provision of Ohio Adm.Code 3701-53-04(C) is read in the context of the entire rule, and with the other rules in Ohio Adm.Code 3701-53-04 that involve the same subject matter, we are confident that the director's intent to assure the reliability of the testing instruments is met by our interpretation. These provisions require recertification at an earlier time, such as when the dry gas standard on the machine is replaced, *see* Ohio Adm.Code 3701-53-04(C), and before the machine is

placed into service following repairs. *See* Ohio Adm.Code 3701-53-04(D). And Ohio Adm.Code 3701-53-04(B) mandates an instrument check of the dry gas standard on an Intoxilyzer 8000 machine "before and after each subject test."

{¶13} In this case, the city demonstrated that the instrument met the challenged yearly certification requirement at the time of Vu's breath test in April 2012, because the Department of Health representative had successfully performed a certification in 2011. Therefore, we determine that the city established not just substantial compliance, but strict compliance with Ohio Adm.Code 3701-53-04(C). Thus, the trial court erred in granting Vu's motion to suppress. *See Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, at ¶ 24. Consequently, we sustain the assignment of error on this basis.

### *Conclusion*

{¶14} Because we sustain the assignment of error, we reverse the judgment of the trial court granting Vu's motion to suppress. The cause is remanded for further proceedings consistent with this opinion and the law.

Judgment reversed and cause remanded.

**HILDEBRANDT** and **DINKELACKER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.