OPINION
{¶ 1} Appellant Jeffrey S. Cole appeals from his decree of divorce in the Stark County Court of Common Pleas, Domestic Relations Division. The appellee is Mary E. Cole, appellant's former spouse. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee were married on October 12, 1982. On June 13, 2003, appellee filed a complaint for divorce. The matter proceeded to a trial on January 16, 2004. As of that date, the parties had two unemancipated children, ages fifteen and seventeen. The record reflects that appellee's trial counsel submitted a child support worksheet to the trial court pursuant to R.C. 3119.022. The worksheet set forth a guideline support obligation for appellee of $2742.86 annually, or $228.57 per month for both children, exclusive of processing fees.[1]
 {¶ 3} The trial court issued a judgment entry granting a divorce on January 22, 2004. Appellant was ordered, inter alia, to pay appellee $350 per month in spousal support for a period of five years. The trial court further ordered, in pertinent part: "Based upon the parties (sic) relative gross income and pursuant to the applicable provisions of the Ohio Revised Code and in consideration of the Shared Parenting Plan the Plaintiff is to pay the Defendant fifty dollars ($50.00) per month per child plus poundage as and for the support of the minor child (sic) until the child reaches eighteen (18) years of age and is graduated from high school, dies or marries, whichever occurs first on (sic) point of time."
 {¶ 4} Appellant filed a notice of appeal from the decree of divorce on February 23, 2004. He herein raises the following two Assignments of Error:
 {¶ 5} "I. The court abused its discretion in granting alimony to the plaintiff and failed to properly consider the factors and circumstances in violation of R.C. sec. 3105.18.
 {¶ 6} "II. The court erred in deviating from the child support guidelines in violation of R.C. sec. 3119.021, R.C. sec.3119.22 and R.C. sec. 3119.23."
 II. {¶ 7} We will address the Assignments of Error in reverse order. In his Second Assignment of Error, appellant contends the trial court erred in deviating from the child support guidelines without following statutory procedures. We agree.
 {¶ 8} At the time a court orders child support, a child support guideline computation worksheet must be completed and made a part of the trial court's record. See Cutlip v. Cutlip,
Richland App. No. 02CA32, 2002-Ohio-5872, citing Marker v. Grimm
(1992), 65 Ohio St.3d 139, 139, 601 N.E.2d 496, at paragraph one of the syllabus; R.C. 3119.022. The guideline amount is rebuttably presumed to be the correct amount of child support due, although deviation from the guidelines is addressed in the worksheet. See R.C. 3119.03, R.C. 3119.022. Specifically, line 24.b of the R.C. 3109.022 worksheet, captioned "Deviation from shared parenting order," requires that "[s]pecific facts including amount of time children spend with each parent, ability of each parent to maintain adequate housing for children, and each parent's expenses for children must be stated to justify deviation." Additionally, R.C. 3119.24(A)(2) states: "The court shall consider extraordinary circumstances and other factors or criteria if it deviates from the amount described in division (A)(1) of this section and shall enter in the journal the amount described in division (A)(1) of this section its determination that the amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting its determination." Thus, in shared parenting situations, in order to deviate from the guidelines, the court must first find "extraordinary circumstances" as per R.C.3119.24, or any of the 16 factors enumerated under R.C. 3119.23. The court must also submit findings of fact that support its determination that ordering a party to pay the guideline child support amount "would be unjust or inappropriate and would not be in the best interest of the child * * *." R.C. 3119.24(A)(2);Gonzalez v. Gonzalez, Wood App. No. WD-02-074, 2003-Ohio-5187.
 {¶ 9} We note appellee has not filed a brief opposing this appeal. Appellate Rule 18(C) states in pertinent part: "If an appellee fails to file his brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument * * * and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." In the case sub judice, we conclude the trial court's equivocal reference to the parties' "relative gross income[s]" and its unspecified consideration of the shared parenting plan did not sufficiently comply with the General Assembly's mandate regarding shared parenting support deviation in R.C. 3119.022 and R.C. 3119.24. See Tuscarawas County Child Support Enforcement Agency v.Boggan, Tuscarawas App. No. 2003AP060050, 2004-Ohio-444, ¶ 9: ("While some situations might arise in which ordering the guideline amount would be found unjust by a trial court, we maintain such situations are better addressed via a worksheet line 24 deviation, with the concomitant findings of fact per R.C.3119.022.") The court likewise erred in failing to state any statutory finding that the guideline support obligations would be unjust or inappropriate and would not be in the best interest of the parties' children. Gonzalez, supra.
 {¶ 10} Appellant's Second Assignment of Error is therefore sustained.
 I. {¶ 11} In his First Assignment of Error, appellant challenges the court's award of spousal support to appellee. R.C.3105.18(C)(1)(a) through (n) provides the factors that a trial court is to review in determining whether spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support. R.C.3105.18(C)(1)(i) states as one of these factors: "The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties."
 {¶ 12} Because of our remand of the issue of child support in this matter, we find an analysis of the issue of spousal support to be premature based on the language of R.C. 3105.18(C)(1)(i). Thus, because of the potential impact the trial court's review of child support could have on spousal support, the trial court should consider both issues upon remand
 {¶ 13} Appellant's First Assignment of Error is therefore found premature.
 {¶ 14} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
Wise, J., Gwin, P.J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs to appellee.
[1] The same proposed worksheet, which listed appellee's annual gross income of $12,220, actually had appellant as the obligor, setting forth his annual obligation of $7004.32, or $583.69 per month for both children (excluding processing fees), based in part on appellant's annual gross income of $31,200. Appellee has not cross-appealed the trial court's decision to make her the obligor for child support purposes, however.