{¶ 115} I respectfully dissent from the majority's ruling concerning appellant's Fourth Assignment of Error. The majority's conclusion is that appellant was simply being punished by the trial court for her financial misconduct. However, although the trial court was upset at appellant's misrepresentations, I would nonetheless find the court acted within its discretion in altering its earlier decision to deviate from the guidelines after reassessing the relative financial resources of the parents in light of appellant's rental income. See R.C. 3119.23(K). I disagree with the assessment of the trial court's actions as "punishment", when it merely re-invoked the straight guidelines figure, which resulted in more support being directed for the parties' children. It is wellestablished that the guideline amount is rebuttably presumed to be the correct amount of child support due. See, e.g., Cole v. Cole, Stark App. No. 2004CA00057, 2004-Ohio-5194, ¶ 8, citing R.C. 3119.03 and R.C.3119.022. While certainly deviation from the guidelines is addressed in the worksheet, "[t]here is no authority whatsoever `for requiring a trial court to deviate from the child support guidelines merely because a deviation would be permissible or even desirable. `" Fox v. Fox, Hancock App. No. 5-03-42, 2004-Ohio-3344, ¶ 17, quoting Warner v. Warner, Union App. No. 14-03-10, 2003-Ohio-5132, ¶ 20, and Jones v. Jones (Dec. 17, 1999), Highland App. No. 99CA9.
 {¶ 116} I would therefore overrule appellant's Fourth Assignment of Error, and affirm the decision of the trial court in its totality.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas Domestic Relations Division, is affirmed in part and reversed and remanded in part. Costs to be paid 80% by appellant and 20% by appellee.