OPINION
{¶ 1} Defendant Jeffrey S. Cole appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, which ordered him to pay spousal support to his ex-wife, plaintiff-appellee Mary E. Cole. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE COURT ABUSED ITS DISCRETION IN GRANTING ALIMONY TO THE PLAINTIFF AND FAILED TO PROPERLY CONSIDER THE FACTORS AND CIRCUMSTANCES IN VIOLATION OF R.C. 3105.18.
 {¶ 3} "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT RAISED THE SPOUSAL SUPPORT OBLIGATION OWED BY APPELLANT FROM THREE HUNDRED FIFTY AND NO/100 DOLLARS ($350.00) A MONTH TO SIX HUNDRED AND NO/100 DOLLARS ( $600.00) A MONTH, AND LENGTH OF THE OBLIGATION FROM FIVE (5) TO SEVEN (7) YEARS."
 {¶ 4} On January 22, 2004, the trial court issued a judgment entry granting the parties a divorce. Appellant was ordered to pay appellee $350 per month in spousal support for five years. The trial court also ordered appellee to pay appellant $50 per month per child plus poundage. The parties had two minor children and had executed a shared parenting plan.
 {¶ 5} The matter was appealed to this court, and we reversed and remanded in Cole v. Cole, Stark App. No. 2004-CA-00057, 2004-Ohio-5194. Our reversal was based on the court's failure to make findings of fact which supported its decision to deviate from the child support guidelines. Upon remand, we directed the trial court to first address the child support issues, and then review the award of spousal support in light of R.C. 3105.18. This court did not find the deviation in child support was necessarily inappropriate, and remanded the issue of spousal support based upon the "* * * potential impact the trial court's review of child support could have on spousal support * * *", Opinion of Sept. 27, 2004, paragraph 12.
 {¶ 6} On remand, the trial court entered judgment on November 17, 2004. The judgment entry recites the court held no hearing but did review the testimony, exhibits, and the original judgment entry. Based upon its review, the court ordered appellee to pay $228.57 for the children's child support, which is a deviation from the guideline amount. The trial court then ordered appellant to pay spousal support in the amount of $600 per month for seven years, and did not retain jurisdiction over the spousal support. The court's award of spousal support represents an increase of $250 per month and extends the period of payment by two years. At the time of the entry, the children were aged 15 and 17. Thus, the additional child support may be balanced by the increase in the monthly amount of spousal support, but the two additional years extends appellant's obligation well beyond the time appellee must pay child support. The court did not explain why it had decided not to deviate from the child support guidelines on remand, rather than explain why it had deviated in the original order.
 {¶ 7} Appellee has not cross appealed the increase in her child support obligation in this appeal, and did not appeal the original decision to make her the obligor. Likewise, appellant does not challenge the child support order here, but it is interlinked with the issue of spousal support and our original remand.
 {¶ 8} In our first review of the case, we found the assignment of error regarding spousal support was premature because the trial court was required to review the child support order, and appellee's child-support obligation would factor into the decision regarding spousal support. We found the issues appellant raised with regard to spousal support, were premature.
 {¶ 9} The Supreme Court has directed us to use the abuse of discretion standard in reviewing decisions in domestic relations cases, Booth v.Booth (1989), 44 Ohio St.3d 142 at 144. The Supreme Court expressly made the abuse of discretion standard applicable to awards of spousal support in Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. The term "abuse of discretion" implies the court's attitude is unreasonable, arbitrary, or unconscionable, Id. at 219.
 {¶ 10} We find the trial court abused its discretion in failing to conduct a hearing, particularly in light of the substantial changes it made. Accordingly, the assignments of error are sustained in part as to abuse of discretion, but we find a specific discussion of the dollar amount is still premature.
 {¶ 11} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relation Division, of Stark County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.
Gwin, P.J., Farmer, J., and Wise, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relation Division, of Stark County, Ohio, is reversed and remanded. Costs to be split between the parties.