{¶ 1} Defendant-appellant Jeffrey Cole appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, which granted a divorce to him and plaintiff-appellee Mary E. Cole, and ordered appellant to pay spousal support of $600.00 per month for 68.8 months. The court later overruled appellant's motion for new trial. Appellant assigns four errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW, TO THE PREJUDICE OF APPELLANT HUSBAND, IN DENYING APPELLANT'S MOTION FOR A NEW TRIAL. THIS DECISION CONSTITUTED AN ABUSE OF DISCRETION BY THE TRIAL COURT.
 {¶ 3} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW, TO THE PREJUDICE OF APPELLANT HUSBAND, IN IMPUTING INCOME TO APPELLANT WITHOUT FIRST FINDING HE WAS VOLUNTARILY UNEMPLOYED OR UNDEREMPLOYED PURSUANT TO R.C.3119.01 (C)11. THE TRIAL COURT FURTHER ERRED IN USING THIS IMPUTED INCOME TO CALCULATE CHILD AND SPOUSAL SUPPORT OBLIGATIONS.
 {¶ 4} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW, TO THE PREJUDICE OF APPELLANT HUSBAND, IN ORDERING A DIVISION OF PERSONAL PROPERTY WHEN THE VALUE OF THE PERSONAL PROPERTY WAS NEVER ASCERTAINED.
 {¶ 5} "IV. THE TRIAL COURT ERRED AS A MATTER OF LAW, TO THE PREJUDICE OF APPELLANT HUSBAND IN ORDERING SPOUSAL SUPPORT IN THE AMOUNT OF $600.00 PER MONTH FOR 68.8 MONTHS."
 {¶ 6} The record indicates appellee filed her complaint for divorce on June 13, 2003. In January, 2004, the trial court conducted a trial and granted a decree of divorce. Appellant appealed the matter to this court, arguing the court abused its discretion in ordering spousal support and in deviating from the child support guidelines. This court agreed in Cole v. Cole, Stark App. No. 2004-CA-00057, 2004-Ohio-5194. We remanded the matter to the trial court to state its reasons for deviating from the child support guideline amount. We found the issue of spousal support was premature.
 {¶ 7} On remand, the court overruled appellee's motion for a hearing, and reviewed the original evidence from the trial. The trial court then re-calculated the child support obligation, and again ordered appellant to pay spousal support to appellee. The original spousal support obligation had been $350 per month for five years, but on remand, the court ordered appellant to pay $600 per month for seven years.
 {¶ 8} Appellant again appealed the matter, and this court found the trial court had abused its discretion in failing to conduct a hearing, particularly in light of the substantial changes it made in the child support and spousal support obligations. This court remanded the matter a second time, see Cole v. Cole, Stark App. No. 2004-CA-00382,2005-Ohio-4844.
 {¶ 9} On remand, the court set the matter for a trial de novo, and ordered both parties to complete and file updated financial statement, affidavits, and UCCJEA's.
 {¶ 10} On the morning of trial, appellant appeared pro se. The court's frustration in the matter is reflected in its judgment entry of April 7, 2006, wherein it stated neither party chose to take advantage of the opportunity to re-try the case. Instead, they spent most of the trial time rehashing the other's infidelities. The court found the parties left it with little information upon which to base a decision.
 {¶ 11} The court found the duration of the marriage ran from the ceremonial marriage of the parties on October 12, 1982, to the date of the initial judgment entry, January 22, 2004. The court found the ending date was significant given the lack of current information.
 {¶ 12} Our standard of reviewing decisions of a domestic relations court is generally the abuse of discretion standard, see Booth v.Booth (1989), 44 Ohio St. 3d 142. The Supreme Court made the abuse of discretion standard applicable to alimony orders in Blakemore v.Blakemore (1983), 5 Ohio St. 3d 217; to property divisions in Martin v.Martin (1985), 18 Ohio St. 3d 292; and to custody proceedings inMiller v. Miller (1988), 37 Ohio St. 3d 71. The Supreme Court has repeatedly held the term abuse of discretion implies the court's attitude is unreasonable, arbitrary or unconscionable,Blakemore, supra, at 219.
 II. {¶ 13} In his second assignment of error, appellant argues the court erred in imputing income to him without first finding he was voluntarily unemployed or underemployed pursuant to R.C.3119.01, and in using the imputed income to calculate the parties' respective child and spousal support obligations.
 {¶ 14} Appellant urges R.C.3119.01 permits the court to imput income to a party only after it finds the party is voluntarily unemployed or underemployed, see Merek v. Merek, 158 Ohio App. 3d 750, 2004-Ohio-5556. In Merek, the Court of Appeals for the Ninth District, Summit County, held a finding the parent in question is voluntarily unemployed or underemployed is a predicate to the subsequent exercise of the court's discretion in imputing income for child support purposes, citing R.C.3113.215, (since repealed and replaced by R.C. 3119.01 et seq., effective March 22, 2001.)
 {¶ 15} At trial appellant made a statement as on direct, in which he represented to the court he had undertaken numerous expenses on behalf of the children, who lived with him after the divorce. Appellant testified his current expenses included his daughter's college tuition and costs, insurance, and transportation, as well as his own expenses including a mortgage on his home. Appellant testified they did have some college grants which helped.
 {¶ 16} Appellant was cross-examined by counsel for appellee, and indicated he had recently opened a business called Fast Line Cycle. He testified he had formerly been part owner of a business called One Stop Cycle, which was liquidated at some point. When asked how much he made at One Stop Cycle, appellant answered, "How much did I make at One Stop Cycle? That's a very good question because the accountant would put $40,000 gross per year for me and Mary [appellee]". Asked if he was making a similar wage at the present time, he answered "No this is not One-Stop Cycle, no. I have, to be honest, I have no idea what I'm making, I was layed off for a year, I made unemployment. That's where I am at now, that's Fast-line Cycle, which you know, yes, I opened it up. I have no idea, right now I'm not taking a pay check because it is real small." Tr. of Proceedings on April 3, 2006, at 22.
 {¶ 17} On cross, appellant testified he was pretty well paid up, owing "$800 and some dollars" for his daughter's tuition. Id, at 23.
 {¶ 18} In its finding of fact No. 10, the trial court computed the child support guideline worksheet. It found at the time of the original hearing in the matter, the guideline worksheet showed appellant's income as $31,200.00 and appellee's at $12,220.00. Appellee testified her present earnings were $16,640.00 per year. The court found appellant had been working at Hydro-Chem, and had not testified why he left the job. The court found appellant had testified he was not making anything at his new business, but also complained about how much he was spending on the children. The court indicated it did not believe appellant's testimony, asking where those funds were coming from if appellant was earning nothing. Lacking any current information and because appellant did not know what his current income was, the court used his salary from the original worksheet at $31,200.00. Appellant argues this was an abuse of discretion.
 {¶ 19} In Bach v. Bach (September 10, 1999), Montgomery App. No. 17497, the Second District Court of Appeals reviewed a situation similar to the one at bar, wherein the trial court expressed its skepticism about Mr. Bach's credibility. The trial court found he was forgetful, evasive, and combative with both his own and opposing counsel. He kept shoddy business records when he kept any at all, and never produced documents critical to the evaluation of his business and the conduct of the trial. The Court of Appeals found the record was replete with evidence casting doubt on appellant's credibility about financial matters.
 {¶ 20} The Bach court found in general, income is imputed where a party is voluntarily unemployed or underemployed. The trial court was not so much imputing income to Mr. Bach, but rather, was estimating his income based upon other information in the record, including appellant's claimed obligations. Bach, page 5. The trial court, as the trier of fact, must weigh the evidence, and is not required to accept any testimony as true, Bach at 4.
 {¶ 21} In the case at bar, the trial court did not find appellant was unemployed or underemployed, and the record would not support any such finding. Appellant testified evasively, and asserted he did not know what his income was.
 {¶ 22} More than two months before the trial, the court notified the parties the matter would be tried de novo. The parties were ordered to complete updated financial statements. Instead, appellant attended trial with little or no information regarding his finances.
 {¶ 23} The income from the earlier trial showed appellant's earnings from a business similar to the one he was currently operating. In addition, the court retained jurisdiction over the spousal support, and appellant has the option of moving for a modification of the amount, if he can present sufficient financial information. If the record shows the court weighed the evidence, determined the credibility of the witnesses, and arrived at an estimate of a party's income which is not unreasonable, arbitrary, or unconscionable, this court may not reverse,Showalter v. Showalter, (November 25, 1996), Clermont Co App. No. CA95-11-082.
 {¶ 24} The second assignment of error is overruled.
 IV. {¶ 25} In his fourth assignment of error, appellant argues the trial court erred as a matter of law in ordering spousal support in the amount of $600.00 per month for 68.8 months.
 {¶ 26} The trial court found appellant had already paid some spousal support from March 1, 2004 until January, 2005. The court gave him credit for these payments, and found they were the equivalent of 7.18 months at $600.00 per month. The court found appellant should pay $600.00 per month for 68 and $492.00 for the partial month.
 {¶ 27} In its findings of fact No. 11, the trial court listed all pertinent factors set out in R.C. 3105.18. The court found spousal support is both appropriate and reasonable in the case. We have reviewed the record, and we find the trial court did not abuse its discretion in finding spousal support in the amount of $600 per month was appropriate and reasonable.
 {¶ 28} The fourth assignment of error is overruled.
 III. {¶ 29} In his third assignment of error, appellant argues the court erred in ordering a division of personal property when the value of the personal property was never ascertained.
 {¶ 30} At the very beginning of the trial, the court inquired about the personal property issues. The court found the matter had been pending for a long time, and it asked whether there were issues remaining regarding the personal property. Counsel for appellee indicated in the first trial, the court awarded various items of personal property to each party, and ordered appellant to pay appellee $5,000.00 to equalize the division. Counsel informed the court except for the actual cash exchange, the personal property issues were resolved. Appellant disagreed, stating the assets the court had listed in 2004 were incorrect.
 {¶ 31} Appellant cross-examined appellee about the various items and appellee testified the list of assets was correct at the time. She conceded some of the vehicles were no longer available, having been sold or wrecked between the original decree and the present time.
 {¶ 32} On direct, appellant testified "* * * as the vehicles, I don't, I mean, yeah they were there, I'm not going to deny that they weren't there, but vehicles were there and the girls drove them and Danielle wrecked them, just like she wrecked her Mom's Grand Prix that we put together."
 {¶ 33} In neither of the prior appeals did appellant raise any objections to the property division. At the trial de novo appellant presented no evidence the original division was inequitable. Taking into consideration the court's use of the 2004 date as the ending date of the marriage, we find the trial court did not abuse its discretion in essentially adopting the prior property division.
 {¶ 34} The third assignment of error is overruled.
 I. {¶ 35} In his first assignment of error, appellant argues the trial court erred in overruling his motion for a new trial based upon the issues listed in II, III, and IV, supra. At the hearing on the motion for new trial, the court announced its decision: "You know, I've got over 300 divorce cases on my docket and most of those people haven't had one trial yet, and you want a third one, you know? Absolutely not. Take it up to the Court of Appeals, if they send it back they can tell me I have to hear it again, I'll be happy to hear it again, but I am not voluntarily giving this case any more time." Tr. of Proceedings on June 14, 2004, at 9.
 {¶ 36} As appellant notes, the decision to grant or deny a motion for new trial made pursuant to Civ. R. 59 rests in the sound discretion of the trial court, and may not be reversed absent an abuse of discretion. Our review of the record in this matter, and in light of our findings in II, III, and IV, supra, we find the trial court did not abuse its discretion in overruling the motion for new trial.
 {¶ 37} The first assignment of error is overruled.
 {¶ 38} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed.
Gwin, P.J., Edwards, J., and Boggins, J., concur
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed. Costs to appellant.