## In re ESTATE OF BALTIC.

[Cite as *In re Estate of Baltic*, 191 Ohio App.3d 354, 2010-Ohio-5141.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 94474.

Decided Oct. 21, 2010.

Reminger Co., L.P.A., Brian D. Sullivan, Adam M. Fried, and Leon A. Weiss, for appellant William Barnett, Executor.

Marcia E. Hurt, for Estate of Bernard Baltic.

Walter & Haverfield, L.L.P., Michael T. McMenamin, James M. Mackey, and J. Ryan Williams, for appellees Reason Foundation, Mackinac Center for Public Policy, and International Foundation for Research in Experimental Economics.

Richard Cordray, Attorney General, and Meghan K. Fowler and Brian P. Mooney, Assistant Attorneys General, for appellee state of Ohio.

---

COLLEEN CONWAY COONEY, Judge.

{¶ 1} Defendant-appellant, William Barnett, executor of the estate of Bernard Baltic, appeals the probate court's grant of summary judgment in favor of plaintiffs-appellees Reason Foundation, Mackinac Center for Public Policy, and International Foundation for Research in Experimental Economics ("appellees"). We find no merit to the appeal and affirm.

{¶ 2} On March 10, 2008, approximately two weeks before he died, Bernard Baltic executed a last will and testament specifically bequeathing his entire estate to the Bernard Baltic Revocable Trust ("trust"). After Baltic's death, Barnett sought to apportion tax liability among all beneficiaries, including several charitable organizations. Appellees objected and filed applications with the Cuyahoga County Probate Court seeking a determination that as tax-exempt charitable organizations, they were entitled to their beneficial interest of the trust proceeds without the apportionment of any estate tax.

{¶ 3} In July 2009, appellees moved for summary judgment to order that the distributions to them and the other nine charitable institutions identified in the trust not be reduced by any state or federal estate taxes. Barnett opposed the motion on behalf of the estate, arguing that the provisions of Baltic's will and the trust clearly provide that the estate taxes were to be paid out of the residuary estate. The probate court magistrate issued a decision recommending that summary judgment be granted. Barnett filed timely objections to the magistrate's report, and in December 2009, the probate court adopted the magistrate's decision and granted summary judgment in favor of the charitable organizations. This appeal followed.

{¶ 4} In the sole assignment of error, Barnett argues that the probate court erred in granting summary judgment in favor of the charitable beneficiaries of

Baltic's trust. An appellate court reviews a trial court's decision on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201, citing *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus.

{¶ 5} Barnett argues that the probate court erred in holding that the Ohio apportionment statute, R.C. 2113.86, applies to Baltic's will and the trust. Barnett claims that the terms of Baltic's will and the trust clearly and unambiguously evidence his intent to equitably apportion tax liability among all the beneficiaries from the residue of the estate, thereby overriding application of the apportionment statute. R.C. 2113.86(A) states:

Unless a will or another governing instrument otherwise provides, and except as otherwise provided in this section, a tax shall be apportioned equitably in accordance with the provisions of this section among all persons interested in an estate in proportion to the value of the interest of each person as determined for estate tax purposes.

{¶ 6} The apportionment statute further provides that "when a portion of the residue of the estate or trust is allowable as a deduction for estate tax purposes, the tax shall be reapportioned to the extent possible to the portion of the residue that is not so allowable." R.C. 2113.86(B). Finally, R.C. 2113.86(C)(1) specifically states that "[a] tax shall not be apportioned against an interest that is allowable as an estate tax * * * charitable deduction * * *."

{¶ 7} Any intent on the part of a testator or settlor that estate taxes are to be paid in a manner contrary to the apportionment method set forth in R.C. 2113.86 must be clearly expressed in the will. *PNC Bank, Ohio, N.A. v. Roy*, 152 Ohio App.3d 439, 2003-Ohio-1542, 788 N.E.2d 650. This contrary intent "must be clear, specific, and unambiguous." *Matthews v. Swallen* (Oct. 25, 1995), Hamilton App. No. C–940443, 1995 WL 621305. The settlor or testator's intent is determined by the language of the testamentary documents. *Carr v. Stradley* (1977), 52 Ohio St.2d 220, 6 O.O.3d 469, 371 N.E.2d 540.

{¶ 8} Item II of Baltic's will provides:

{¶ 9} "All estate, inheritance and succession taxes, both state and federal, imposed or payable by reason of my death, and interest and penalties thereon, with respect to all property constituting the gross estate for tax purposes,

whether or not such property passes under this Will, except such federal estate taxes as are paid with certain United States obligations pursuant to the provisions of the Trust Agreement hereinabove referred to in Item I, shall be paid out of the residuary estate or out of assets received by my Executor from the Trustee under the said Trust Agreement, without any right or duty on my Executor to seek or obtain contribution or reimbursement from any person or property. My Executor is authorized to request that part or all of the payments to be paid under the provisions of this Item be made out of the trust established under said Trust Agreement as therein provided."

{¶ 10} Thus, the will permits Baltic's executor to request the trustee to pay from the trust all or part of the tax payments provided under the will.

{¶ 11} The trust agreement does not specifically provide for the payment of estate taxes, but contains a provision that permits the trustee to pay Baltic's debts and expenses from the trust assets but not from distributions that would be excluded for federal estate-tax purposes. Specifically, the trust provides:

{¶ 12} "The Trustee is authorized and empowered to pay such amounts of the principal of the trust estate as the Trustee may deem necessary to satisfy, or assist and satisfy, in whole or in part * * * debts upon which I was primarily liable and which are allowed as claims against my estate and expenses of administration of my estate, regardless of whether such debts or expenses of administration shall or shall not, in its judgment, be legally enforceable against the trust estate or any part thereof."

{¶ 13} This provision further provides:

{¶ 14} "No payment made pursuant to this [provision] shall be made from any property of the trust estate which would be excluded from my gross estate for federal estate tax purposes, or if other property is available, from property which is not otherwise includable in my estate for state death tax purposes."

{¶ 15} The will fails to clearly and unambiguously provide for the payment of estate taxes from a single designated source. Rather, the will provides that estate taxes are to be paid either from the residuary estate or out of the assets the executor receives from the trustee under the trust agreement. The creation of alternate options, including the use of trust assets, to pay estate taxes creates an ambiguity. In *Estate of Swallen v. Commr. of Internal Revenue* (C.A.6, 1996), 98 F.3d 919, the Sixth Circuit Court of Appeals, applying Ohio's apportionment statute, determined that a provision in a will directing the executor to pay estate taxes "from the residue of [the] estate, or from funds available to the Executor from other sources" was ambiguous because the will failed to specify the "other sources."

{¶ 16} Moreover, although the trust agreement is unclear as to how estate taxes are to be paid, it provides language directing how estate taxes are not to be paid, i.e., they are not to be paid from the property of the estate that "would be excluded" from the estate "for federal estate tax purposes." Thus, the trust prohibits taxes from being paid out of bequests to charitable institutions. This interpretation is consistent with application of Ohio's apportionment statute, which endeavors to give effect to the presumption that testators generally intend to minimize taxes and maximize deductions so as to pass as much of their estates as possible to their chosen beneficiaries.

{¶ 17} Accordingly, the sole assignment of error is overruled.

Judgment affirmed.

GALLAGHER, A.J., and CELEBREZZE, J., concur.