[Cite as *In re Armogida*, 2013-Ohio-195.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| | : | W. Scott Gwin, P.J. |
| IN RE: ESTATE OF VELIA | : | Sheila G. Farmer, J. |
| ARMOGIDA, DECEASED | : | Julie A. Edwards, J. |
| | : | |
| | : | Case No. 2012 CA 00144 |
| | : | |
| | : | |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:　　　　　Civil Appeal from Stark County
　　　　　　　　　　　　　　　　　　　　　　Probate Court Case No. 213468

JUDGMENT:　　　　　　　　　　　　　　Affirmed

DATE OF JUDGMENT ENTRY:　　　　　January 14, 2013

APPEARANCES:

For Plaintiff-Appellant　　　　　　　　　For Defendant-Appellee

JAMES A. ARMOGIDA　　　　　　　　　RICHARD D. DODEZ
24 Purista Lane　　　　　　　　　　　　Black, McCuskey, Souers &
Hot Springs Village, AR  71909　　　　Arbaugh
　　　　　　　　　　　　　　　　　　　　220 Market Avenue, South
　　　　　　　　　　　　　　　　　　　　Suite 1000
　　　　　　　　　　　　　　　　　　　　Canton, Ohio  44702

*Edwards, J.*

{¶1} Appellant, James A. Armogida, appeals from the June 29, 2012, Judgment Entry of the Stark County Probate Court.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2} James Armogida and Velia Armogida, husband and wife, during their lifetimes created an estate plan involving several inter vivos trusts. The trusts provided that the property of the first to die would be divided into two separate trust funds, one referred to as "Trust A" and the other referred to as Trust "B". Both Trusts stated, in Article VI paragraph 2, in relevant part, as follows:

{¶3} "2. If [my husband or my wife] survives me and if the trust estate, including any additions as a result of my death exceeds the largest amount that can pass free of federal estate tax by the full use of the "Exemption Equivalent," then the Trust estate shall be divided into two separate Trust funds, one of which shall be referred to as Trust 'A' and the other of which shall be referred to as Trust 'B.' The Trustee first shall allocate to Trust 'B' property having a fair market value at the date or dates of distribution which is equal to the 'Exemption Equivalent' reduced by the value as finally determined for federal estate tax purposes of all other property included in my gross estate which does not qualify for the federal estate tax marital deduction or charitable deduction. The balance of the trust estate which qualified for the marital deduction for federal estate tax purposes shall be allocated to Trust 'A.'" The two trusts had different beneficiaries.

{¶4} James Armogida died on February 22, 2006 survived by his wife, Velia Armogida. At the time of his death, his trust was divided into two trusts. Trust B, the

family trust, contained two million dollars while the balance was deposited in Trust A, the marital trust. James Armogida's trust provided that the entire net income from Trust A and Trust B was to be paid to his wife or expended for her benefit during her lifetime and that "the Trustee may pay to or expend for the benefit of my wife so much of the principal from time to time as the Trustee … shall deem necessary or desirable…"

{¶5} The Executor of the James V. Armogida Estate made a QTIP (Qualified Terminable Interest Property) Election on the Ohio Estate Tax Return which reduced to zero the tax liability for the Estate of James V. Armogida. If the QTIP election was not made, James V. Armogida's Estate would have owed $158,761.00 in Ohio estate taxes. The Ohio Department of Taxation, in two letters dated October 10, 2006, had advised the Estate that it had $481,459.00 in QTIP under R.C. 5731.15(B), representing 86.2% of Trust A, and $1,385,727.00 in QTIP, representing 69.29% of Trust B. The two letters further stated, in relevant part, that "[t]his same percentage, to the extent not consumed or given away, must be included in the surviving spouse's gross estate based upon the value of the assets at the surviving spouse's date of death."

{¶6} Velia Armogida died on October 23, 2011. Her Last Will and Testament was admitted to Probate.

{¶7} On March 19, 2012, the Executor of her Estate and the Trustee of her Trust filed an Application for Instructions, asking the Probate Court to determine whether or not R.C. Section 2113.86, the Apportionment Statute, applied so that the Ohio Estate tax attributable to a portion of James V. Armogida's Living Trust being

taxed in Velia Armogida's Estate would be paid by the James V. Armogida Living Trust. Appellant, a beneficiary of the James V. Armogida Trust, filed an objection to apportionment, arguing, in part, that "[a]s clearly set out in my Aunt's Will, both of them intended that there would be no apportionment payable by the trust of the first to die, unless necessary, and that all of the death taxes would be paid by the survivors residual estate." A hearing on such application was held on May 16, 2012.

{¶8} Pursuant to a Judgment Entry filed on June 29, 2012, the trial court found that R.C. 2113.86 was applicable and held that "the Administrator of the Estate of Velia Armogida may recover from the James Armogida Living Trust that amount by which the estate tax payable by the Estate of Velia Armogida exceeds the estate tax that would have been payable if the value of the property had not been included in the gross estate of the decedent."

{¶9} Appellant, now appeals from the trial court's June 29, 2012, Judgment Entry, raising the following assignments of error on appeal:

{¶10} "I. THE PROBATE COURT ERRED IN RULING THAT THE INTENT ON THE PART OF THE TESTATOR/DECEDENT TO CAUSE PAYMENT OF HER ESTATE TAXES IN A MANNER CONTRARY TO THE APPORTIONMENT METHOD SET FORTH IN R.C. 2113.86 WAS NOT CLEARLY AND UNAMBIGUOUSLY EXPRESSED IN HER WILL.

{¶11} "II. THE PROBATE COURT ERRED IN RULING THAT THE 3rd SENTENCE IN ITEM I OF VELIA'S WILL (i) RELATES ONLY TO VELIA'S INTER VIVOS TRUST AND IS INAPPLICABLE TO JAMES V. ARMOGIDA'S INTER VIVOS TRUST A AND B, AND (ii) IS NOT A LIMITATION ON THE ESTATE OF VELIA

ARMOGIDA AS TO REQUESTING ANY PAYMENT BY JAMES V. ARMOGIDA'S INTER VIVOS TRUST A AND B.

{¶12} "III. THE PROBATE COURT ERRED IN RULING THAT THE DECEDENT'S WILL DID NOT MAKE ADEQUATE REFERENCE TO QUALIFIED TERMINAL [SIC] INTEREST MARITAL DEDUCTION PROPERTY AS PROVIDED IN THE LAST SENTENCE OF R.C. 2113.86(I) BECAUSE, ACCORDING TO THE RULING, THE PLACEMENT OF THE REFERENCE IN VELIA'S WILL LIMITS ITS APPLICABILITY.

{¶13} "IV. IF THE REFERENCES IN VELIA'S WILL WERE NOT ENOUGH TO SATISFY THE REQUIREMENTS FOR INAPPLICABILITY OF THE OHIO APPORTIONMENT LAW UNDER R.C. 2113.86(I), WHICH APPELLANT DENIES, THE PROBATE COURT ALSO APPARENTLY ERRED IN NOT EVEN CONSIDERING THE REFERENCES IN VELIA'S INTER VIVOS TRUST WHICH ARE PERTINENT TO DETERMINATION OF INAPPLICABILITY UNDER R.C. 2113.86(I).

{¶14} "V. THE RULING BY THE PROBATE COURT WAS NOT ONLY INEQUITABLE AND UNNECESSARY, BUT ALSO IS CONTRARY TO EACH AND EVERY ONE OF THE INSTRUCTIONS DEALING WITH APPORTIONMENT GIVEN BY VELIA TO THE EXECUTOR OF HER WILL AND TO THE TRUSTEE OF HER INTER VIVOS TRUST, AND GIVEN BY JAMES V. ARMOGIDA TO THE TRUSTEE OF HIS TRUSTS A AND B."

I, II, III, IV, V

{¶15} Appellant, in his five assignments of error, argues that the trial court erred in finding that R.C. 2113.86, the Apportionment Statute, was applicable and in

holding that the Administrator of the Estate of Velia Armogida may recover from the James Armogida Living Trust "that amount by which the estate tax payable by the Estate of Velia Armogida exceeds the estate tax that would have been payable if the value of the property had not been included in the gross estate of the decedent [Velia Armogida]."

{¶16} R.C. 2113.86 states, in relevant part, as follows: "(A) Unless a will or another governing instrument otherwise provides, and except as otherwise provided in this section, a tax shall be apportioned equitably in accordance with the provisions of this section among all persons interested in an estate in proportion to the value of the interest of each person as determined for estate tax purposes.

{¶17} "(B) Except as otherwise provided in this division, any tax that is apportioned against a gift made in a clause of a will other than a residuary clause or in a provision of an inter vivos trust other than a residuary provision, shall be reapportioned to the residue of the estate or trust. It shall be charged in the same manner as a general administration expense. However, when a portion of the residue of the estate or trust is allowable as a deduction for estate tax purposes, the tax shall be reapportioned to the extent possible to the portion of the residue that is not so allowable….

{¶18} "(I) If any part of an estate consists of property, the value of which is included in the gross estate of the decedent by reason of section 2044 of the "Internal Revenue Code of 1986," 100 Stat. 2085, 26 N 2044, as amended, or of section 5731.131 of the Revised Code, the estate is entitled to recover from the persons holding or receiving the property any amount by which the estate tax payable exceeds

the estate tax that would have been payable if the value of the property had not been included in the gross estate of the decedent. <u>This division does not apply if the decedent's will or another governing instrument provides otherwise and the will or instrument refers to either section mentioned in this division or to qualified terminable interest marital deduction property</u>." (Emphasis added).

**{¶19}** Statutory construction is a legal issue and is reviewed by this Court de novo. See *Yommer v. Outdoor Enterprises, Inc.,* 126 Ohio App.3d 738, 740, 711 N.E.2d 296 (5th Dist. 1998).

**{¶20}** The Ohio General Assembly passed R.C. 2113.86(I) "to codify the prevailing presumption that testators do not normally intend to exonerate a QTIP trust of its equitable apportionments of estate taxes." *Estate* of *Vahlteich v. Comm'r. of Internal Revenue,* 69 F.3d 39 537 (6th Cir. 1995), 4. As noted by the court in *In re Estate of Baltic,* 191 Ohio App.3d 354, 2010-Ohio-5141, 946 N.E.2d 244, ¶7, "Any intent on the part of a testator or settlor that estate taxes are to be paid in a manner contrary to the apportionment method set forth in R.C. 2113.86 must be clearly expressed in the will. *PNC Bank, Ohio, N.A. v. Roy,* 152 Ohio App.3d 439, 2003-Ohio-1542, 788 N.E.2d 650. This contrary intent 'must be clear, specific, and unambiguous' *Matthews v. Swallen* (Oct. 25, 1995), Hamilton App. No. C–940443, 1995 WL 621305. The settlor or testator's intent is determined by the language of the testamentary documents. *Carr v. Stradley* (1977), 52 Ohio St.2d 220, 6 O.O.3d 469, 371 N.E.2d 540."

**{¶21}** In the case sub judice, Item 1 of the Last Will and Testament of Velia Armogida, which is captioned "Payment of Debts and Taxes", states as follows:

{¶22} "I direct that my Executor pay out of my residuary estate all my lawful debts and the expenses of administering my estate and of my last illness and funeral. My Executor shall also pay estate and other death taxes, and any interest and penalties thereon, if any, without apportionment. My Executor may request of the trustee of any trust, which permits payment, such sums as my Executor deems necessary to pay any part or all of the taxes, debts and expenses of my estate, and any bequest payable hereunder. It is my intention that, to the extent possible and in the Executor's absolute discretion, all death taxes attributable to property passing under this Will or any Trust which qualifies for the marital deduction in my estate shall be paid out of that portion of my residuary estate (or trust estate) which does not qualify for said deduction." (Emphasis added).

{¶23} Appellant contends that the trial court ignored or misunderstood the above underlined sentence. According to appellant, such sentence demonstrates that Velia Armogida did not intend for the apportionment statute to apply. However, the above provision does not refer to either section 2044 of the Internal Revenue Code of 1986 or to R.C. Section 5731.131. In addition, there is no mention in Item I to qualified terminable interest marital deduction property. Such provision, therefore, does not comply with R.C. 2113.86(I). None of the markers required in such section are included within such sentence.

{¶24} Appellant, in his brief, also argues that the third sentence in Item I of Velia's Will meets the requirements of R.C. 2113.86(I). Appellant specifically cites to the following language: "My Executor shall also pay estate and other death taxes,…if any, without apportionment. My Executor may request of the trustee of any trust,

which permits payment, such sums as my Executor deems necessary to pay any part or all of the taxes, debts and expenses of my estate,…" According to appellant, this sentence, when considered in relation to the remaining language in Item I, requires her Executor to "fully pay taxes from monies in her estate unless the funds in it are inadequate and it is necessary to look elsewhere."

**{¶25}** As is stated above, R.C. 2113.86(I) provides that taxes shall be apportioned unless "the decedent's will…provides otherwise and the will…refers to either section mentioned in this division or to qualified terminable interest marital deduction property." Velia Armogida's will provides, in Item I, that taxes are to be paid without apportionment unless the Executor of her will deems it necessary to request payment of taxes from the trustee of any trust. The Will, therefore, generically excludes all trusts from apportionment. However, the above language from her will does not specifically comply with R.C. 2113.86(I) because it does not refer to either Section 2044 of the Internal Revenue Code or to R.C. 5731.131. Moreover, there is no mention to qualified terminable interest marital deduction. Therefore, pursuant to R.C. 2113.86(I), taxes are to be apportioned.

**{¶26}** Appellant further contends that Item V Paragraph 7 of the Last Will and Testament of Velia Armogida references QTIP property and that the trial court erred in finding that such reference was not sufficient for purposes of R.C.2113.86. Item V is captioned "Executor". Paragraph 7 provides, in relevant part, that the Executor shall have the following power exercisable without court approval: "To elect, in the Executor's sole discretion, that any portion of any property be treated as qualified terminable interest property…" The trial court found, and we concur, that this language

is "not sufficient for purposes of R.C. 2113.86 in that its placement limits its applicability to powers conferred upon the Executor." Such language does not clearly express an intent on the part of a testator or settlor that estate taxes are to be paid in a manner contrary to the apportionment method set forth in R.C. 2113.86.

**{¶27}** In short, we concur with the trial court that there is no language in the Last Will and Testament of Velia Armogida meeting the requirements of R.C. 2113.86(I).

**{¶28}** In his brief, appellant also maintains that language in Velia Armogida's inter vivos trust, which is another "governing instrument" as referred to in R.C. 2113.86, must be considered in determining whether or not R.C. 2113.86 applies. Appellant specifically cites to the following language contained in Article XI, which is captioned "Limitations, Severability and/or Reconstruction:"

**{¶29}** "Notwithstanding anything contained in this Trust Agreement to the contrary, the Trustee shall not take any actions or adopt any methods of payment or distribution which would result in any one or more of the following events, (hereinafter the 'Disqualifying Events'):

**{¶30}** "(a) The disqualification of an election made on behalf of my Estate to have any part of the trust property treated as 'Qualified Terminable Interest Property' (as defined within Section 2056(b)(7) of the Internal Revenue Code of 1986 or O.R.C. §5731.15(B), as amended) for the purpose of qualifying for the Federal or state transfer tax marital deduction;

**{¶31}** "(b) The disqualification of all or any part of any Trust for purposes of the Federal, Ohio, or other jurisdiction's estate tax marital deduction; or,

**{¶32}** "(c) The disqualification of a QDOT election made on behalf of my estate, under IRC Section 2056A(d)."

**{¶33}** However, as noted by appellee, because Velia Armogida was predeceased by her husband, her Executor could not make a QTIP election. Her Trustee, as noted by appellee, "has no power to change and/or modify the QTIP election made in the Estate of James V. Armogida."

**{¶34}** Based on the foregoing, appellant's five assignments of error are overruled.

**{¶35}** Accordingly, the judgment of the Stark County Probate Court is affirmed.

By: Edwards, J.

Gwin, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/d1017

[Cite as *In re Armogida*, 2013-Ohio-195.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT


IN RE: ESTATE OF VELIA ARMOGIDA,  :
DECEASED  :
  :
  :
  :
  :
  :
  :      JUDGMENT ENTRY
  :
  :
  :
  :      CASE NO. 2012 CA 00144


For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Probate Court is affirmed.  Costs assessed to appellant.


_____

_____

_____

JUDGES